*Law Offices of*
***BONNETT, FAIRBOURN, FRIEDMAN***
***& BALINT, P.C.***
*2325 East Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*(602) 274-1100*

*Lisa T. Hauser (#006985)*
*(lhauser@bffb.com)*
*Carrie A. Laliberte (#032556)*
*(claliberte@bffb.com)*
*Attorneys for Defendant*
*State Bar of Arizona*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, (Sr.),<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>State Bar of Arizona,<br><br>　　　　　Defendant. | Case No. CV-19-02704-PHX-DJH<br><br>**DEFENDANT STATE BAR OF ARIZONA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT** |

Pursuant to Federal Rule of Evidence 201, Defendants State Bar of Arizona ("SBA") respectfully requests that this Court take judicial notice of:

1. Order of Interim Suspension of Peter Strojnik in PDJ 2018-9018;

2. Complaint against Peter Strojnik in PDJ 2018-9105;

3. Peter Strojnik's Motion to Recognize Strojnik's Expressive Dissociation from the Arizona State Bar in PDJ 2018-9105;

4. The State Bar of Arizona's Motion to Strike in PDJ 2018-9105;

5. Strojnik's Response to the SBA's Motion to Strike in PDJ 2018-9105;

6. Order Re: Motion to Recognize Expressive Dissociation in PDJ 2018-9105;

7. Strojnik's Consent to Disbarment in PDJ 2018-9105; and

8. Judgment of Disbarment in PDJ 2018-9105.

This request is explained more fully in the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

In his amended complaint [Doc. 14], Plaintiff alleges various violations of his rights in connection with disciplinary action taken against him for his conduct in connection with the filing of over 1,700 complaints in state court and over 160 complaints in district court alleging violations of the Americans with Disabilities Act ("ADA") and the Arizonans with Disabilities Act ("AZDA"). Each of the documents for which the SBA requests judicial notice is a record from Plaintiff's disciplinary proceedings before the Arizona Presiding Disciplinary Judge and either discussed in Plaintiff's amended complaint or forms the basis for it.

This request is supported by the Declaration of Chief Bar Counsel Maret Vessella, attached as **Exhibit A**. Each of the documents for which judicial notice is requested are authenticated in her Declaration and true and correct copies attached as **Exhibits 1-8** to her Declaration.

### II. ARGUMENT.

Federal Rule of Evidence 201 provides, in relevant part, that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Where judicial notice is requested, and the court receives sufficient information, judicial notice is mandatory" under Fed. R. Evid. 201(c). *Tribe v. Central Arizona Water Conservation District*, 2019 WL 2058818, *2 (D.Ariz. Mar. 31, 2019).

Judicial notice of Plaintiff's disciplinary records at the heart of his complaint is appropriate. Their existence and what they say is a matter of public record and not subject to reasonable dispute over their authenticity. The Court may take judicial notice of matters

of public record and "of pleadings, memoranda, and other verifiable documents from related litigation." *Mlynarczyk v. Wilmington Savings Fund Society FSB*, 2016 WL 3524329, at *2 (D.Ariz. Apr. 29, 2016).

The State Bar requests that these disciplinary records be judicially noticed for their existence and their reporting of the circumstance and grounds for discipline in these matters. The truth of the underlying facts adjudicated in those disciplinary proceedings are *not* the subject of this request for judicial notice. *See Pelligrini v. Fresno County*, 742 Fed.Appx. 209, 211 (9th Cir. 2018) (district court did not abuse its discretion by taking judicial notice of documents filed in state court proceedings and made clear that he took judicial notice of the existence of the documents and not the truth or correctness of their content); *Hutton v. McDaniel*, 264 F. Supp.3d 996, 1008 (D.Ariz. 2017) ("When a court takes judicial notice of a public record, 'it may do so not for the truth of the facts recited therein, but for the existence of the [record], which is not subject to reasonable dispute over its authenticity.").

## III. CONCLUSION.

For the foregoing reasons, the Defendant State Bar of Arizona respectfully requests that this Court judicially notice the above-described records to be used for the limited purposes set forth herein.

DATED this 1st day of July, 2019.

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C**.

By /s/ Lisa T. Hauser
   Lisa T. Hauser
   Carrie A. Laliberte
   2325 E. Camelback Rd., Ste. 300
   Phoenix, Arizona 85016
   *Attorneys for Defendant State Bar of Arizona*

# CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all parties.

    /s/ Carolyn Alter
Legal Assistant to Lisa T. Hauser

1. My name is Maret Vessella. I am over eighteen years of age and competent to make this declaration.

2. I am Chief Bar Counsel and a member in good standing with the State Bar of Arizona. My Arizona State Bar Number is _____.

3. In that capacity, I supervise Senior Bar Counsel Shauna Miller, who was counsel of record in disciplinary proceedings against Peter Strojnik, PDJ 2018-9018 and PDJ 2018-9105. I have personal knowledge of the matters set forth herein.

4. On July 11, 2018, Arizona's Presiding Disciplinary Judge ("PDJ") ordered Strojnik's immediate, interim suspension from the practice of law. A true and correct copy of that Order of Interim Suspension is attached hereto, and incorporated herein by reference, as **Exhibit 1**.

- 4 -

5. On November 16, 2018, the SBA filed a four-count disciplinary complaint on eighteen bar charges against Mr. Strojnik. A true and correct copy of that Complaint is attached hereto, and incorporated herein by reference, as **Exhibit 2**.

6. On March 20, 2019, Strojnik filed a motion to recognize his First Amendment right to dissociation from the SBA. A true and correct copy of that motion is attached hereto, and incorporated herein by reference, as **Exhibit 3**.

7. The State Bar of Arizona moved to strike that motion on March 28, 2019. A true and correct copy of that motion is attached hereto, and incorporated herein by reference, as **Exhibit 4**.

8. On April 8, 2019, Mr. Strojnik responded to the motion to strike. A true and correct copy of that response is attached hereto, and incorporated herein by reference, as **Exhibit 5**.

9. The PDJ's Order denying Mr. Strojnik's motion to dissociate was filed on April 26, 2019. A true and correct copy of that Order is attached hereto, and incorporated herein by reference, as **Exhibit 6**.

10. Mr. Strojnik consented to disbarment on May 8, 2019. A true and correct copy of his consent is attached hereto, and incorporated herein by reference, as **Exhibit 7**.

11. Judgment of Mr. Strojnik's disbarment was filed on May 10, 2019. A true and correct copy of that Judgment is attached hereto, and incorporated herein by reference, as **Exhibit 8**.

12. I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 1, 2019.

                                          Maret Vessella