# EXHIBIT 4

Shauna R. Miller, Bar No. 015197
Senior Bar Counsel
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266
Telephone (602)340-7386
Email: LRO@staff.azbar.org

OFFICE OF THE
PRESIDING DISCIPLINARY JUDGE
SUPREME COURT OF ARIZONA

MAR 2 8 2019

FILED

BY

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

| | |
|---|---|
| IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,<br><br>**PETER STROJNIK,**<br>**Bar No. 006464,**<br><br>Respondent. | **PDJ 2018-9105**<br>[State Bar No. 16-0334[1]]<br><br>**THE STATE BAR'S MOTION TO STRIKE RESPONDENT'S MOTION TO RECOGNIZE STROJNIK'S EXPRESSIVE DISSOCIATION FROM THE ARIZONA STATE BAR.** |

The State Bar of Arizona, by undersigned bar counsel and pursuant to Civil

Rule 12(f), as incorporated by the Arizona Rules of the Supreme Court through

Rule 48(b), moves to strike Respondents Motion to Recognize Strojnik's

Expressive Dissociation from the Arizona State Bar ("Respondent's motion" or "the

---

[1] [State Bar File Nos. 16-0334, 16-1309, 16-1987, 16-2069, 16-2209, 16-2346, 16-2595, 16-2602, 16-2604, 16-2667, 16-2741, 16-2788, 16-2793, 16-2800, 16-2919, 16-3689, 17-3925, 18-1751]

motion"). The following Memorandum of Points and Authorities support the State Bar's response.

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    LEGAL STANDARD

A motion to strike is confined to the following purposes: the striking of any redundant, immaterial, impertinent, or scandalous matter from any pleading. *Colboch v. Aviation Credit Corp.,* 64 Ariz. 88, 92, 166 P.2d 584, 587 (1946). "[S]uch motion is not favored and should 'not be stricken from a pleading unless it is clear that it can have no possible relation to the subject matter of the litigation and the movant can show he is prejudiced by the allegations.'" *Stone v. Arizona Highway Comm'n,* 93 Ariz. 384, 395, 381 P.2d 107, 114 (1963).

A redundant matter is one that is characterized by similarity or repetition. An immaterial matter is one that has no essential or important relationship to the claim for relief or the defenses being plead. An impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Respondent's motion is redundant, immaterial, and impertinent.

2

## II.    DISCUSSION

The gravamen of Respondent's motion is that he is somehow being forced to remain a member of the State Bar. This is incorrect. Respondent has the ability to consent to disbarment at any time and have his name removed from the roll of lawyers. Rule 57(a)(5), Ariz. R. Sup. Ct. That he has not done so elucidates the significance he places on being a member of the State Bar of Arizona.

The motion should be stricken to avoid spending any more time litigating spurious issues by dispensing with them prior to the hearing.

### A.    Respondent's motion is redundant

Respondent's motion is redundant given his answers to the State Bar's complaint:

1.    "[C]ontinued association with [the State bar] 'is inconsistent with [his] core principles of morality and fair play.'" [Respondent's motion 1:21 – 22] To the extent this is a viable defense, he has already pled it. [Respondent's answer at 1]

2.    "It is likewise undisputed that Strojnik's activity as a civil rights attorney is federally protected against retaliation, interference, coercion or intimidation...." [Respondent's motion 3:4 – 6] To the

Case 2:19-cv-02704-DJH    Document 17-5    Filed 07/01/19    Page 5 of 8

extent this is a viable defense, he has already pled it. [Respondent's answer at 3]

3.    "[T]he State Bar is actually a segregationist organization whose purpose is to thwart all ADA civil rights enforcement action in the State of Arizona." [Respondent's motion 2:4 – 6] To the extent this is a viable defense, he has already pled it. [Respondent's answer at 4]

4.    "It is by now undisputed that the State Bar has been in a closely knit collusion with the Arizona AG Brnovich …." [Respondent's motion 2:8 – 9] To the extent this is a viable defense, he has already pled it. [Respondent's answer at 5]

5.    "[] AG Brnovich became highly agitated and teamed up with the State Bar to frustrate all civil rights of the Arizona Disability Community." [Respondent's motion 3:2 – 3] To the extent this is a viable defense, he has already pled it. [Respondent's answer at 6]

Respondent's motion is a compilation of his "affirmative defenses"; it is redundant and should be stricken.

4

**B.     Respondent's motion is immaterial**

Respondent has failed to challenge the jurisdiction of this court, so whether he is being "forced" to remain a member of the State Bar is immaterial.  Whether Respondent has the unilateral ability to surrender his membership is not before this court because Respondent has failed to file a motion claiming lack of jurisdiction; this motion does not qualify as a motion claiming lack of jurisdiction and should be stricken.

**C.     Respondent's motion is impertinent**

Respondent's motion consists of statements that do not pertain, and are not necessary, to the issues in question.  The following are just a few Respondent's unnecessary characterizations:

1.     "[The State Bar's] expressive conduct demonstrate that it (sic) its creed includes segregation, violation of federal law, coercion and intimidation designed 'to compel dissenters to conform.'…" [Respondent's motion 1:25 – 2:1]

2.     "[T]he State Bar is actually a segregationist organization whose purpose is to thwart all ADA civil rights enforcement actions in the State of Arizona." [Respondent's motion 2:4 – 6]

3.  "It is by now undisputed that the State Bar has been in a closely knit

collusion with the Arizona AG Brnovich …." [Respondent's motion

2:8 – 9]

Respondent's unnecessary and inflammatory statements should be stricken.

**D.    The State Bar is harmed by Respondent's mischaracterizations in his motion.**

Respondent's disparagement of the State Bar serves to undermine the

profession's efforts at self-regulation, damaging both its credibility and reputation.

## III.    CONCLUSION

Respondent's motion is redundant, immaterial, impertinent, and harmful to

the State Bar's ability to self-regulate the profession, and it must be stricken.

**DATED** this ___28th___ day of March 2019.

STATE BAR OF ARIZONA

_Shauna R. Miller_
Shauna R. Miller
Senior Bar Counsel

Original filed with the Disciplinary Clerk of
the Office of the Presiding Disciplinary Judge
of the Supreme Court of Arizona
this 28 day of March, 2019.

Copy of the foregoing emailed
this _28th_ day of March, 2019, to:

The Honorable William J. O'Neil
Presiding Disciplinary Judge
Supreme Court of Arizona
1501 West Washington Street, Suite 102
Phoenix, Arizona 85007
E-mail: officepdj@courts.az.gov

Copy of the foregoing mailed/emailed
this _28th_ day of March, 2019, to:

Peter  Strojnik
Strojnik PC
2375 E. Camelback Rd., Ste. 600
Phoenix, AZ  85016-3493
Email: ps@strojnik.com
Respondent

Copy of the foregoing hand-delivered
this _28th_ day of March, 2019, to:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266

by:_____
        SRM/jb

7