*Law Offices of*
***BONNETT, FAIRBOURN, FRIEDMAN***
***& BALINT, P.C.***
*2325 East Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*(602) 274-1100*

*Lisa T. Hauser (#006985)*
*(lhauser@bffb.com)*
*Carrie A. Laliberte (#032556)*
*(claliberte@bffb.com)*
*Attorneys for Defendant*
*State Bar of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik, (Sr.),<br><br>           Plaintiff,<br><br>vs.<br><br>State Bar of Arizona,<br><br>           Defendant. | Case No. CV-19-02704-PHX-DJH<br><br>**MOTION TO DISMISS** |

Defendants State Bar of Arizona ("SBA") moves to dismiss Plaintiffs' Amended Complaint against it under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Their motion is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION.**

Plaintiff Strojnik's complaint alleges various violations of his rights in connection with disciplinary action taken against him for his conduct in connection with the filing of over 1,700 complaints in state court and over 160 complaints in district court alleging violations of the Americans with Disabilities Act ("ADA") and the Arizonans with

Disabilities Act ("AZDA"). [Doc. 17, Ex. A-1 (Request for Judicial Notice) at 4].[1] On July 11, 2018, on motion of the SBA, Arizona's Presiding Disciplinary Judge ("PDJ") ordered Strojnik's immediate, interim suspension from the practice of law upon concluding that Strojnik was "engaging in conduct that has caused or is likely to cause immediate and substantial harm to clients, the public, or the administration of justice." [Doc. 17, Ex. A-1 at 16-17]. The PDJ also ordered the SBA to promptly prosecute the matter. [Doc. 17, Ex. A-1 at 17].

On November 16, 2018, the SBA filed a four-count disciplinary complaint on eighteen bar charges. [Doc. 17, Ex. A-2]. Briefly, the first count involved allegations of false claims for attorney's fees and monetary damages and other misconduct in the state court parking-lot cases. [Doc. 17, Ex. A-2 at 4-18]. The second count alleges misrepresentations made to the state trial court in an effort to evade sanctions in the consolidated parking-lot cases. [Doc. 17, Ex. A-2 at 18-26]. The third count involves a federal parking-lot complaint in *Advocates for Individuals With Disabilities, LLC. v. MidFirst Bank*, 279 F. Supp.3d 891 at 898 (D.Ariz. 2017), in which Judge Wake commented on Plaintiff's "unethical extortion of unreasonable attorney's fees from defendants" and federal court cases filed on behalf of Plaintiff Gastelum alleging ADA/AZADA violations related to hotel lodgings and hotel parking lots. [Doc. 17, Ex. A-2 at 26-33]. Lastly, the fourth count involves the complaints of fifteen small business owners who were named defendants in parking-violation cases. [Doc. 17, Ex. A-2 at 33-68].

---

[1] Accompanying this motion is the SBA's request that this Court take judicial notice of facts concerning Strojnik's disciplinary proceedings that are referenced in his complaint or that form the basis for it. Taking judicial notice of matters of public record does not convert a motion to dismiss into a motion for summary judgment if the facts noticed are not subject to reasonable dispute. *Id.* Just as documents attached to a complaint are not "outside the complaint," so, too, are documents that are not attached but "form[ ] the basis of the plaintiff's claim." *Id.; see also Thomas v. Ally Bank*, 2017 WL 4357770, *1, n. 1 (D. Ariz. Sept. 29, 2017) (in considering a motion to dismiss, the court may also consider evidence where the document is central to or forms the basis of the plaintiffs claim even if it is not attached to the complaint).

On March 20, 2019, Strojnik filed a motion to recognize his First Amendment right to dissociation from the SBA. [Doc. 17, Ex. A-3]. The SBA moved to strike his motion on March 28, 2019. [Doc. 17, Ex. A-4]. Strojnik timely replied in support of his motion. [Doc. 17, Ex. A-5]. In an Order filed on April 26, 2019, the PDJ discussed Strojnik's arguments for dissociation and denied his motion as "legally infirm" rather than granting the SBA's motion to strike. [Doc. 17, Ex. A-6]. Shortly thereafter and before a four-day disciplinary hearing was set to begin, Strojnik consented to disbarment on May 8, 2019. [Doc. 17, Ex. A-7]. He acknowledged that, although he previously denied the allegations, he did not desire to contest or defend the charges as a consequence of his "ailing health and desire for peace." [Doc. 17. Ex. A-7 at 1-2]. He also acknowledged that any future application by him for admission or reinstatement in the SBA will be treated "as an application by a member who has been disbarred for professional misconduct." Judgment of disbarment was filed on May 10, 2019. [Doc. 17. Ex. A-8 at 2].

Plaintiff's original complaint in this action was filed on April 29, 2019, three days after the PDJ denied his motion to dissociate. Pursuant to this Court's Order [Doc. 5], the Parties met and conferred on May 16, 2019, concerning Plaintiff's recent consent to disbarment and the SBA's intent to file a Rule 12(b) motion to dismiss his complaint. Strojnik expressed a desire to amend his complaint. [Doc. 10]. Based on a stipulation of the Parties, this Court Ordered a deadline for Strojnik to file his amended complaint and a briefing schedule on the SBA's subsequent motion to dismiss. [Doc. 11].

Plaintiff timely filed his amended complaint on June 4, 2019. [Doc. 14]. As discussed below, the amended complaint must be dismissed. Its defects cannot be cured by further amendment, and dismissal of Plaintiff's amended complaint should be with prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. ARGUMENT.

### A. This Court Lacks Jurisdiction Because the State Bar of Arizona Is Entitled to Absolute Immunity Under the Eleventh Amendment.

The SBA moves to dismiss Plaintiff's complaint in its entirety because the SBA enjoys immunity from suit under the Eleventh Amendment.[2] The Eleventh Amendment to the U.S. Constitution prohibits federal courts from hearing suits brought against an unconsenting state regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This jurisdictional bar also precludes federal suits against an arm of the state acting under its control. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

The SBA is immune from suit—and this Court's jurisdiction— under the Eleventh Amendment. *See Gilchrist v. Arizona Supreme Court*, 10 Fed.Appx. 468, 470 (9th Cir.2001) ("The district court properly dismissed Gilchrist's claims for monetary damages against the Arizona Supreme Court, its chief judge, and the state bar association because they are entitled to immunity under the Eleventh Amendment."); *Camboni v. Brnovich*, No. CV-15-02538-PHX-JAT, 2016 WL 4271850, at *5 (D.Ariz., Aug. 15, 2016) (finding the Arizona State Bar is immune from suit under the Eleventh Amendment). The Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign State.

US Const. amend. XI. The Amendment has been extended to preclude suits in federal court brought against a state by its own citizens. *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504, 33 L. Ed. 842 (1890). "The Eleventh Amendment bars suits which seek either damages or

---

[2] Where the defendant, as here, raises a facial—as opposed to factual—challenge to the Court's subject matter jurisdiction, the Court applies the Rule 12(b)(6) legal standard to a motion to dismiss on the grounds of sovereign immunity. *Duffy v. Los Banos Unified Sch. Dist.*, 2015 WL 6881119, at *3 (E.D.Cal. Oct. 28, 2015) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).

injunctive relief against . . . an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1994) (citing *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991)).

In determining whether an entity is an "arm of the state," federal courts look to "the way state law treats the entity." *Mitchell v. Los Angeles Community College District*, 861 F.2d 198, 201 (9th Cir. 1988). Federal courts assess the extent to which the entity "derives its power from the State and is ultimately regulated by the State." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1994); *see also Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("We conclude that a suit against the Superior Court is a suit against the State, barred by the eleventh amendment.").

The Rules of the Supreme Court of Arizona ("Arizona Rules") direct that "[t]he Supreme Court of Arizona maintains under its direction and control a corporate organization known as the State Bar of Arizona." Rule 32(a), Ariz. R. Sup.Ct. In addition, "[t]his Court empowers the State Bar of Arizona, under the Court's supervision, to: . . . [*inter alia*] assist this Court with the regulation and discipline of persons engaged in the practice of law; foster on the part of those engaged in the practice of law ideals of integrity, learning, competence, public service, and high standards of conduct; serve the professional needs of its members; and encourage practices that uphold the honor and dignity of the legal profession[.]" Rule 32(a)(2)(D), Ariz. R. Sup.Ct. In conducting disciplinary proceedings, the Arizona State Bar exercises police or regulatory power (1) "to protect the public, the profession, and the administration of justice," and (2) "to deter other lawyers from improper conduct." *In re Blankenburg*, 143 Ariz. 365, 367 (1984) (e*n banc*).

The Arizona Supreme Court has exclusive jurisdiction to regulate admission to the practice of the law and the discipline of those admitted. *In re Riley*, 142 Ariz. 604, 607-08 (1984). The SBA is an instrumentality of the Arizona Supreme Court for the purpose of conducting disciplinary proceedings. *Id.* Thus, the Arizona State Bar is an "arm" of Arizona. Claims against the SBA are claims "against the State." *Bates v. State Bar of Arizona*, 433 U.S. 350, 361 (1977).

In this Circuit, state bars have been entitled to Eleventh Amendment immunity. *See Hass v. Oregon State Bar*, 883 F.2d 1453, 1461 (9th Cir.1989) ("The Arizona State Bar like the Oregon State Bar, was an instrumentality of the state supreme court . . ."); *see also Hirsh v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 715 (9th Cir.1995); *Lupert v. California State Bar,* 761 F.2d 1325, 1327 (9th Cir.1985); *Ginter v. State Bar of Nevada*, 625 F.2d 829, 830 (9th Cir. 1980). Other Circuits are in accord. *See, e.g.*, *Lewis v. Louisiana State Bar Ass'n*, 792 F.2d 493, 497 (5th Cir.1986); *Bishop v. State Bar of Texas*, 791 F.2d 435, 438 (5th Cir.1986); *Crosetto v. State Bar of Wisconsin,* 12 F.3d 1396, 1401-02 (7th Cir.1993); *Kaimowitz v. The Florida Bar*, 996 F.2d 1151, 1155 (11th Cir.1993).

Although Strojnik's amended complaint alleges that the SBA acted "in a private, non-governmental capacity" [Doc. 14, ¶ 13], this is an incorrect conclusion of law. As discussed above, the SBA does not act in a private capacity with respect to attorney discipline. The State Bar of Arizona is an arm of the state; it is entitled to Eleventh Amendment immunity protection from this suit. Accordingly, Plaintiff's amended complaint against the SBA must be dismissed.

**B.     This Court Lacks Subject Matter Jurisdiction of Plaintiff's Claims Attacking His Disbarment.**

In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.E.2d 2016 (1983), the Supreme Court established what is now referred to as the *Feldman* rule that federal courts do not have subject matter jurisdiction over:

> [C]hallenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.

*Id*. at 486, 103 S.Ct. at 1317. In contrast, "general challenges to state bar rules, promulgated by state courts in non-judicial proceedings, which do not require review of a final state-court judgment in a particular case," are not subject to the *Feldman* rule because they do not call upon a lower federal court to review final judgments or decrees of a state's highest court. Such is the exclusive jurisdiction of the Supreme Court of the United States. *See* 28

U.S.C. § 1257; *see also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923) (federal district courts lack jurisdiction to entertain collateral attacks on state court judgments). The rule is often called the *Rooker–Feldman* Doctrine.

Numerous of Plaintiff's allegations and related claims are squarely within the *Rooker–Feldman* Doctrine. By asking this Court to find that he "has the right of 1st Amendment expressive dissociation," to find that the SBA denied that right, and for an "immediate order to the SBA to acknowledge Plaintiff's expressive dissociation," Strojnik makes a collateral attack on the disciplinary process. Plaintiff had the opportunity to raise this issue before the PDJ and did so by a motion in which he made all of the arguments he makes before this Court that: (1) he has a First Amendment right to dissociate from the SBA; (2) he exercised his right to eschew association with the SBA to avoid being forced to confess to the "State Bar's faith in discrimination, coercion, threats, and intimidation;" (3) that forcing him to go through the disciplinary process violates his right to dissociate; and (4) that his prosecution for disciplinary violations is "retaliation, interference, coercion or intimidation" under 42 U.S.S. § 12203 and 28 C.F.R. § 36.206. [Doc. 17, Ex. A-3 (motion)]; [Doc. 17, Ex. A-5 (reply)]; [Doc. 17, Ex. A-6 (Order)]; [Doc. 14 (amended complaint), ¶¶ 50-60].

Having raised and lost these issues in the context of the disciplinary process, Strojnik immediately brought an action to have this Court declare the existence of his right to dissociate from the SBA (already rejected by the PDJ), find that the SBA denied his exercise of this right, and "order the SBA to acknowledge Plaintiff's expressive dissociation." [Doc. 14 at 17]. Plaintiff does not explain the manner in which he would have the SBA acknowledge this right now that he has been disbarred. But given his allegations of continuing injury from the ongoing, negative effects of his disbarment [Doc. 14, ¶ 6], it appears that he may be seeking some relief from disbarment by having the SBA ordered to treat him as having resigned rather than disbarred. As noted by the PDJ, resignation in lieu of disbarment is not permitted by Arizona Supreme Court Rule 32(c)(11)(B), because Strojnik attempted to resign after the SBA received disciplinary charges against him.

Thus, this Court lacks subject matter jurisdiction of Strojnik's claims and the relief he seeks, because it is an attack on the underlying disciplinary action and a violation of *Rooker–Feldman*. *See Paulson v. Oregon State Bar*, 2013 WL 2659605, *3 (D.Ore. Jun. 4, 2013) (disbarred attorneys' allegations that the Oregon State Bar engaged in unconstitutional actions during attorney discipline and seeking damages for denial of the ability to earn a living is a collateral attack on a state court judgment and a *Rooker-Feldman* violation).

Had Strojnik contested his disbarment, he could have appealed the decision of the hearing panel to the Arizona Supreme Court. Rule 59(a), Ariz. R. Sup. Ct. and appealed that decision to the Supreme Court of the United States. Instead, the PDJ was required to enter a judgment disbarring Plaintiff after his consent to disbarment was accepted. Rule 57, Ariz. R. Sup. Ct. Thus, Plaintiff's judgment of disbarment was issued under the authority of the Arizona Supreme Court and, for purposes of application of the *Rooker–Feldman* Doctrine, should be treated as a judgment or decree of Arizona's highest court.

Consenting to disbarment and its resulting lack of appellate review and final decision by the state supreme court should not entitle Strojnik to have his claims reviewed by a federal district court simply because he chose to stop the disciplinary process short of the supreme court. In *Thomas v. Kadish*, 748 F.2d 276 (5th Cir.1984), the Fifth Circuit concluded that an applicant for admission could not avoid *Feldman* by not seeking review of the Texas Board of Law Examiners' denial of admission. "By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state court decision in any federal court." 748 F. 2d at 282 (quoting *Feldman*, 460 U.S. at 483 n. 16).

Attempts to plead around a lack of subject matter jurisdiction by making a general challenge to Arizona's disciplinary process and not directly seeking to have the Arizona disbarment overturned, will not save Strojnik's claims. "[A] general constitutional attack that is nonetheless 'inextricably intertwined' with a state court judgment of reprimand cannot be properly heard in federal court." *Musselwhite v. State Bar of Texas*, 32 F. 3d 942, 946 (5th Cir.1994). District courts examine the substance rather than the form of a plaintiff's

1  claims to discern whether allegations presented as a general constitutional attack are, in
2  reality, "challenges to the constitutionality of the State Bar's practices as applied to him in
3  his disciplinary proceedings." *Id.* This Court must treat Strojnik's allegations as it would a
4  challenge to his disbarment and dismiss his amended complaint for lack of subject matter
5  jurisdiction.

6  At one point, Strojnik appears to make a general, constitutional attack—and attempts
7  to avoid an obvious mootness problem—by seeking prospective relief for "those who refuse
8  to conform to [the SBA's] segregationist views." [Doc. 14, ¶ 7]. But he has no standing to
9  do so now that he has been disbarred. In *Paulson v. Oregon State Bar*, 609 Fed.Appx. 511
10 (9th Cir.2015), Paulson challenged the constitutionality of the Oregon State Bar's
11 disciplinary proceedings. The district court properly dismissed his requests for declaratory
12 and injunctive relief for lack of standing. Because Paulson was no longer a member of the
13 Oregon State Bar he could not show the requisite concrete and particularized harm, and
14 sufficient likelihood that he would again be harmed in a similar way, needed to have
15 standing to bring his prospective claims. *Id.* at 512.

16 Strojnik's claims are a collateral attack on his disbarment. Even if they could be
17 characterized as general-sounding claims, they are inextricably intertwined with his state
18 court judgment. In either event, this Court does not have subject matter jurisdiction.

19 **C.     Plaintiff's Claims for Declaratory and Injunctive-Type Relief Are Moot.**

20 Article III limits this Court's jurisdiction to actual cases and controversies.
21 *Hamamoto v. Ige*, 881 F.3d 719 at 722 (9th Cir.2019). One exception is for controversies
22 that are "capable of repetition, yet evading review." *Id.* Strojnik's amended complaint
23 alleges that "[d]espite Plaintiff's consent to dissociate himself from the SBA, the case and
24 controversy continues for the reason that Defendant's conduct is capable of repetition yet
25 evading review through its power to disbar those who refuse to conform to its segregationist
26 views." [Doc. 14, ¶ 7].

27 The exception does not apply here.

28

> That exception applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

*Id.* (quoting *Kingdomware Techs., Inc. v. United States*, ––– U.S. ––––, 136 S.Ct. 1969, 1976 (2016)). Strojnik's consent to disbarment after filing his original complaint and before filing his amended complaint defeats the second part of this test. As a disbarred attorney, there is no reasonable expectation that *he* will be subject to disbarment again.

### D.     Plaintiff Fails To State A Claim For Relief.

Strojnik's amended complaint consists of a single count, under 42 U.S.C. §§ 1981, 1981(a), 1983, 1985, and 1988 for (1) violation of his First Amendment right of dissociation; (2) violation of his right to be free from retaliation, interference, coercion, and intimidation pursuant to 42 U.S.C. § 12203 and 28 C.F.R. §36.206; and (3) for conspiracy to violate his civil rights. Although the SBA is immune from suit and this Court lacks subject matter jurisdiction over these claims, as discussed above, the SBA briefly addresses Strojnik's failure to state any claim for relief under these sections, with the exception of the § 1988, which relates to awarding attorney's fees.

### 1.     42 U.S.C. § 1981.

Plaintiff does not articulate how he believes this section applies. It provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

A white plaintiff, such as Strojnik, is not precluded from claiming a violation of his rights under this section, which guarantees to all persons the same right to make and enforce contracts as white citizens. *Austin v. City of East Grand Rapids*, 685 F.Supp. 1396, 1398

(W.D.Mich. 1988). But Strojnik failed to state a claim by not alleging that he was treated differently because of his race or on account of alienage. *Id.* To state a claim under § 1981, a white plaintiff must allege that he actions taken against them are somehow related to the rights owed to non-white citizens and protected under this section. *Zynger v. Department of Homeland Sec.*, 615 F.Supp.2d 50, 55 (E.D.N.Y.2009), affirmed 370 Fed.Appx. 253 (2nd Cir.2010).

Plaintiff has not pled the allegations necessary for a § 1981 claim. To the extent Plaintiff's complaint includes a claim under § 1981, it must be dismissed.

**2.    42 U.S.C. § 1981a.**

This statute, 42 U.S.C. §1981a, is a compensatory and punitive damages provision in employment discrimination claims and not an independent basis for liability. *Shields v. Frontier Technology, LLC*, 2012 WL 12538963, *3, n. 2 (D.Ariz. Jan. 30, 2012); *see also King v. Fulton Cnty of Ga*, 2009 WL 1322341 at *1 (N.D. Ga. May 11, 2009) ("Because § 1981a does not provide an independent cause of action, Plaintiff cannot maintain a separate claim under § 1981a."). Its damages provisions apply in actions brought:

> 1. "[U]nder section 706 or 717 of the Civil Rights Act of 1964 against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) prohibited under section 703, 704, or 727 of the Act…" or
>
> 2. "[U]nder the powers, remedies, and procedures set forth in section 706 or 717 of the Civil Rights Act of 1964 (as provided in section 107(a) of the Americans with Disabilities Act of 1990 (42 U.S.C. 12117(a)), and section 794a(a)(1) of Title 29, respectively) against a respondent who engaged in unlawful intentional discrimination (not an employment practice that is unlawful because of its disparate impact) under section 791 of Title 29 and the regulations implementing section 791 of Title 29, or who violated the requirements of section 791 of Title 29 or the regulations implementing section 791 of Title 29 concerning the provision of a reasonable accommodation, or section 102 of the Americans with Disabilities Act of

> 1990 (42 U.S.C. 12112), or committed a violation of section 102(b)(5) of the Act…."

42 U.S.C. §1981a(a)(1), (2). Strojnik does not clearly plead any of these unlawful, intentional discrimination claims entitling him to claim damages under § 1981a. His reference to § 1981a is made in in the same paragraph in which he indicates that he is seeking a remedy for violation of his right to be free from retaliation. [Doc. 14, ¶ 1].

For purposes of this motion, the SBA presumes his claim is for retaliation under the ADA. A prima facie retaliation claim under Title VII and the ADA are the same. *Shields* at \*4, n. 4. "'In order to establish a prima facie case of retaliation, [a plaintiff] must demonstrate that (1) [he] had engaged in protected activity; (2) [he] was thereafter subjected by [his] employer to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action.'" *Shields* at \*4 (quoting *Porter v. Cal. Dep't of Corr.,* 419 F.3d 885, 894 (9th Cir. 2005)). It appears that Strojnik believes that filing ADA cases exempts him from the rules of ethics or the consequences of their violation. If filing ADA cases is the protected activity on which he bases his claim for damages and discipline for violation of the rules of ethics is the claimed retaliation, his claim fails.

Strojnik misperceives the purpose of attorney discipline. The purpose of disciplinary proceedings is not to punish the lawyer, but to protect the public and the administration of justice. *In re Alexander*, 232 Ariz. 1, ¶63 (2013) (the purpose of attorney discipline is not punishment); *see also In re Hiser,* 168 Ariz. 359, 362-63, 813 P.2d 724, 727-28 (1991); *In re Pappas,* 159 Ariz. 516, 526, 768 P.2d 1161, 1171 (1988). Further, the SBA's relationship with its member attorneys is not that of employer within the meaning of § 1981a.

**3.    42 U.S.C. § 1983.**

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiffs are required to "plead

that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F. 3d 1104, 1114 (9th Cir. 2015); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); *Ortez v. Wash. Cty.*, *Or.*, 88 F.3d 804, 810 (9th Cir. 1996).

Strojnik has failed to plead a § 1983 claim. First, Plaintiff has not alleged that the SBA was acting under color of state law. To the contrary, Strojnik's amended complaint alleges that the SBA acted "in a private, non-governmental capacity." [Doc. 14, ¶ 13]. Aside from being an incorrect conclusion of law, it does nothing to advance his § 1983 claim. Second, even if Strojnik attempted to plead a § 1983 claim, it would be to no avail. In addition to being immune from suit under the Eleventh Amendment, a governmental agency that is an arm of the state is not a person for purposes of § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flynt v. Dennison*, 488 F. 3d 816, 824-25 (9th Cir.2007). Thus, the State Bar cannot be sued for any form of relief under § 1983.

**4.     42 U.S.C. § 1985.**

Section 1985 refers to a conspiracy intending to interfere with an individual's civil rights. Plaintiff merely cites § 1985 as a basis for his amended complaint, but does not identify which of its provisions he invokes.  For purposes of this motion, we assume he seeks to advance a conspiracy claim under §1985(2) or (3), which are similarly pled.

The second part of the § 1985(2) "applies to conspiracies to obstruct the course of justice in state courts" where conspirators have the intent to cause a deprivation of equal protection of the laws. *Kush v. Rutledge,* 460 U.S. 719, 725 (1983). This claim "requires an allegation of class-based animus." *Chavis v. Clayton County Sch. Bd.,* 300 F.3d 1288, 1292 (11th Cir.2002). There must be allegations of racial or class-based discriminatory intent by the conspirators. *Id.* And the allegations of a conspiracy must be more than conclusory. *See Willing v. Lake Orion Community Schs. Bd. of Trustees,* 924 F.Supp. 815, 819 (E.D.Mich.1996); *see also Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir.1984)

(conclusory allegations of conspiracy are insufficient in civil rights action). Strojnik's allegations of conspiracy are conclusory and he makes no allegations of racial or class-based animus. He has failed to state a claim under § 1985(2).

"To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Again, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102; *see also RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1056 (9th Cir. 2002); *Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002) (per curiam); *Sever*, 978 F.2d at 1536.

The Ninth Circuit requires "'either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection.'" *Id.* (quoting *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985) (per curiam)); *see also Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005); *Maynard v. City of San Jose*, 37 F.3d 1396, 1403 (9th Cir. 1994); *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 720 (9th Cir. 1981). And, once again, Strojnik's amended complaint fails to make such allegations.

To the extent Plaintiff's complaint includes a claim under § 1985, it must be dismissed.

### III. CONCLUSION.

For the foregoing reasons, Plaintiffs' complaint must be dismissed in its entirety with prejudice.

DATED this 1st day of July, 2019.

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C**.

By /s/ Lisa T. Hauser
 Lisa T. Hauser
 Carrie A. Laliberte
 2325 E. Camelback Rd., Ste. 300
 Phoenix, Arizona 85016
 *Attorneys for Defendant State Bar of Arizona*

# NOTICE OF CERTIFICATION OF CONFERRAL

Pursuant to this Court's Order of April 30, 2019 [Doc. 5], Defendant State Bar of Arizona gives notice that it conferred with Plaintiff Strojnik on June 28, 2019, to determine whether an amendment could cure his deficient amended complaint [Doc. 14] and have been unable to agree that the pleading is curable by a permissible amendment.

DATED this 1st day of July, 2019.

**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C**.

By /s/ Lisa T. Hauser
 Lisa T. Hauser
 Carrie A. Laliberte
 2325 E. Camelback Rd., Ste. 300
 Phoenix, Arizona 85016
 *Attorneys for Defendant State Bar of Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July, 2019, I served the attached document by e-mail and mail on the following, who is not a registered participant of the CM/ECF System:

Peter Strojnik, Sr.

 /s/ Carolyn Alter