Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

PETER STROJNIK, (Sr.)

Plaintiff,

vs.

STATE BAR OF ARIZONA, an Arizona nonprofit corporation, SHAUNA MILLER and JOHN DOE MILLER, husband and wife; MARET VESSELLA and JOHN DOE VESSELLA, Husband and Wife; YET UNKNOWN ENTITIES AND PERSONS WHO PARTICIPATED IN THE ALLEGED CONSPIRACY

Defendant.

Case No: 2:19-cv-02704-DJH

**PLAINTIFF'S OPPOSITION TO DEFENDANT STATE BAR OF ARIZONA'S MOTION TO DISMISS**

**Oral Argument Requested**

## INTRODUCTION

Following Defendant's Motion to Dismiss [Doc 18] [M2D], Plaintiff clarified the allegations in his Second Amended Complaint [Doc 22] [SAC]. SAC is the currently effective pleading. Plaintiff filed the SAC in response to M2D as contemplated by Rule 15(a)(1) of the Federal Rules of Civil Procedure.

The main difference between SAC and the prior pleading is the clarification of causes of action and the addition of two defendants in order to illuminate the prior

pleading. Accordingly, this Response to Defendant's Motion to Dismiss considers the SAC as the effective pleading.

**SUMMARY**

SAC narrates a story of the hostility of Arizona's powerful institutions toward the civil rights of the disabled individuals. It notes the conspiracy between AG Brnovich ("Brnovich"), the Arizona State Bar ("SBA"), Mesdames Miller and Vessella, the local lawfirm of Jennings Strauss and Salmon ((in particular Lindsay Leavitt and Scott Frerichs) ("JSS") and the East Mesa Chamber of Commerce ("EMCC") to deny disabled individuals and Plaintiff their federally and constitutionally protected civil rights. This was accomplished through violations of 42 U.S.C. § 1983, the violation of Plaintiff's 1st Amendment right to dissociation, violation of Plaintiff's rights pursuant to 42 U.S.C. § 12203 and 28 CFR § 36.206, a 1983 conspiracy to violate civil rights, and common law torts of civil conspiracy, aiding and abetting, tortious interference with contract, abuse of process and intentional infliction of emotional distress.

Defendant State Bar of Arizona ("SBA") moves to dismiss [Doc 18] on the following bases:

A. Lack of Jurisdiction on the basis of SBA's 11th Amendment Absolute Immunity. Plaintiff responds that the State of Arizona has waived sovereign immunity in *Stone v. Arizona Highway Commission*, 381 P.2d 107 (Ariz. 1963). Plaintiff further responds that SBA acted in its private corporate capacity not as an arm of the Supreme Court, but as a private non-profit corporation acting through its agents, Miller and Vessella, whose only concern was with their and SBA's reputation. Further, Congress abrogated State's sovereign immunity.

B. Lack of Jurisdiction regarding Plaintiff's consensual disbarment. Plaintiff responds that he does not challenge his consensual disbarment.

C. Mootness. Defendant claims that subsequent consensual disbarment moots Plaintiff's allegations of prior 1st Amendment expressive dissociation. Plaintiff responds that the below enumerated exceptions to mootness defeat SBA's position.

D. Failure to State a 1983 Claim. Plaintiff responds that the elements of a 1983 claim are (1) the violation of a right secured by the Constitution or laws of the United States, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) and asserts that this claim is stated clearly and sufficiently all as more fully developed below.

Defendant's current facial attack on Plaintiff's pleading is replete with factual issues making it uniquely unsuited for a 12(b) Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. STANDARD OF REVIEW

#### A. 12(b)(1) (Lack of Subject Matter Jurisdiction)

Defendant mounts a facial attack against the Complaint. In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). *See also Safe Air for Everyone v. M*eyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint, to the extent that all such allegations are not contradicted by the documents incorporated by reference. *Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).

#### B. 12(b)(6) Failure to State a Claim

A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction, " a "short and plain statement of the claim showing that the pleader is entitled to relief, " and "a demand for the relief sought." Fed.R.Civ.P. 8(a). While Rule 8 does not demand factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A dismissal for failure to state a claim "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal citation omitted); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (Rule 12(b)(6) dismissal

motion "can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim."). To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible, allowing the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557).

The Court must view the complaint in the light most favorable to the nonmoving party, with every doubt resolved on his behalf, and with that party's allegations taken as true. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).

**2. THE SBA, MILLER AND VESSELLA ARE NOT ENTITLED TO 11ᵀᴴ AMENDMENT IMMUNITY**

**A.    State Supreme Court waived State's tort immunity in 1963.** The Arizona Supreme Court abolished the state's sovereign immunity in the 1963 case of *Stone v. Arizona Highway Commission*, 381 P.2d 107 (Ariz. 1963). *See also Glazer v. State*, 347 P.3d 1141, 1144 (Ariz. 2015) ("This Court abolished the doctrine of sovereign immunity for tort liability in 1963."). Here, Plaintiff alleges conspiracy to violate civil rights, civil conspiracy, aiding and abetting, tortious interference with contract, abuse of process and intentional infliction of emotional distress – all torts.

**B.    Congress abrogated sovereign immunity.** The ADA abrogates sovereign immunity, *see* 42 USC 12203 and 28 CFR Part 36.206. 42 USC 12203(a) prohibits any "person" from discriminating against an individual engaged in enforcement of the ADA. Subsection (b) makes it unlawful (by anyone) to interfere, coerce or intimidate any person engaged in the aiding or encouraging another in the exercise of his/her ADA civil rights.

28 CFR §36.206(a) clarifies 42 USC 12203 as follows:

**CFR § 36.206 Retaliation or coercion**

(a) No private *or public entity* shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a

charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Act or this part.

(b) No private *or public entity* shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

(c) Illustrations of conduct prohibited by this section include, but are not limited to:

(1) Coercing an individual to deny or limit the benefits, services, or advantages to which he or she is entitled under the Act or this part;

**(2) Threatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;**

**(3) Intimidating or threatening any person because that person is assisting or encouraging an individual or group entitled to claim the rights granted or protected by the Act or this part to exercise those rights; or**

**(4) Retaliating against any person because that person has participated in any investigation or action to enforce the Act or this part.** (Emphasis supplied)

Accordingly, both 42 USC 12203 and 28 CFR Part 36.206 abrogate State's sovereign immunity through Act of Congress.

**C. Plaintiff alleges that, as relevant to Plaintiff's claims, SBA, Miller and Vessella acted in their private capacities and not as a prosecutorial arm of the Supreme Court.**

Plaintiff alleges in ¶¶ 13 and 14 of SAC as follows:

13. Defendant SBA is a private non-profit corporation established in 1933.

5

14. All acts committed by the SBA through its agents and employees Miller and Vessella were committed by it in its private, non-governmental capacity, non-judicial or quasi-judicial purposes, but under the color of state law. (Defendants are hereinafter sometimes referred jointly as "SBA" or "Defendants")

The actions committed by Mesdames Miller and Vessella are fully and adequately alleged in the pleading. For purposes of Defendant's Motion, these allegations must be accepted as true. SBA's M2D fails on this issue.

### 3. PLAINTIFF DOES NOT ATTACK CONSENSUAL DISBARMENT – HE ATTACKED SBA'S REFUSAL TO RECOGNIZE HIS RIGHT TO EXPRESSIVE DISSOCIATION

On pp 6-9 of the M2D [Doc. 18] the SBA argues that "The Court Lacks Subject Matter Jurisdiction of Plaintiff's Claim Attacking his Disbarment". Plaintiff does not attack his disbarment. He consented to the disbarment. What he objects to is SBA's refusal to recognize his 1st Amendment Right to Dissociation. *See* SAC at ¶¶ 54-60:

54. Therefore, on March 8, 2019, Plaintiff filed with the Presiding Disciplinary Judge a Motion To Recognize Strojnik's Expressive Dissociation From The Arizona State Bar. The Motion stated, in part:

> The First Amendment, made applicable to the States by the Fourteenth Amendment, forbids abridgment of the freedom of speech "includes both the right to speak freely and the right to refrain from speaking at all." *Wooley* v. *Maynard*, 430 U. S. 705, 714 (1977); see *Riley* v. *National Federation of Blind of N. C., Inc.*, 487 U. S. 781, 796–797 (1988); *Harper & Row, Publishers, Inc.* v. *Nation Enterprises*, 471 U. S. 539, 559 (1985); *Miami Herald Publishing Co.* v. *Tornillo*, 418 U. S. 241, 256–257 (1974); accord, *Pacific Gas & Elec. Co.* v. *Public Util. Comm'n of Cal.*, 475 U. S. 1, 9 (1986) (plurality opinion). The right to eschew association for expressive purposes is likewise protected. *Roberts* v. *United States Jaycees*, 468 U. S. 609, 623 (1984) ("**Freedom of association . . . plainly presupposes a freedom not to associate**") (emphasis supplied); see *Pacific Gas & Elec.*, *supra*, at 12 As Justice Jackson memorably put it: "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or *force citizens to confess by word or act their faith therein*." *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 642 (1943) (emphasis added). (Emphasis in original.)

55. The SBA did not respond but, instead, submitted a Motion to Strike on the fundamental bases that Plaintiff's Motion is "redundant", "immaterial" and "impertinent" and further that the Motion is damaging SBA's "credibility and reputation".

56. Plaintiff's Motion was denied by SBA's O'Neil.

57. By forcing Plaintiff to remain a member of the SBA, Strojnik was forced to confess to State Bar's faith in discrimination, segregation, coercion, threats and intimidation.

58. Further, Defendants and Brnovich have taken the above actions to force Plaintiff to remain a member of the SBA in order to keep him under the oppressive regime of the SBA's oversight, thus preventing him from exercising his own individual 1st Amendment right to redress[1] ADA violations.

59. The denial of Plaintiff's motion for dissociation violates Plaintiff's First Amendment right to expressive dissociation.

60. Plaintiff has been damaged by SBA's denial of his right to expressive dissociation.

For this reason, SBA's entire argument regarding alleged objection to the consensual disbarment is irrelevant.

**4. PLAINTIFF'S EXPRESSIVE DISSOCIATION CLAIM IS NOT MOOT**

SBA claims that the question of expressive dissociation is mooted by subsequent consensual disbarment. The SBA is incorrect. In ¶¶ 7, 8 of SAC, Plaintiff alleges:

7. Despite Plaintiff's disbarment and the setting aside the interim suspension order, Plaintiff continues and will to continue experiencing concrete and continuing injury through severe collateral consequences of the disbarment in lieu of dissociation, including, without limitation, the following:

---

[1] Plaintiff's First Amendment right to "petition the Government for a redress of grievances" — which includes the filing of lawsuits — and which is "one of `the most precious of the liberties safeguarded by the Bill of Rights.'" *BE & K Constr. Co. v. NLRB,* 536 U.S. 516, 524, 122 S.Ct. 2390, 153 L.Ed.2d 499 (2002) (quoting *United Mine Workers v. Illinois Bar Assn.,* 389 U.S. 217, 222, 88 S.Ct. 353, 19 L.Ed.2d 426 (1967)).

7

   a. Effectively prevents Plaintiff for reapplying to the membership with the SBA or this District Court even at a time when the SBA adopts non-discriminatory values; and

   b. Effective foreclosure from applying to State Bar Membership in non-discriminatory jurisdictions, including State and Federal jurisdictions; and

   c. The defamatory scorn experienced by attorneys who are branded as "disbarred"; and

   d. As an ADA Tester himself, Plaintiff currently experiences and will continue to experience ADA defense counsel refusal to recognition of expressive dissociation in the hope that some judges who fall within "skeptical" and "hostile" categories will be, as some have been, influenced by this false narrative.

8. Despite Plaintiff's consent to dissociate himself from the SBA, the case and controversy continues for the reason that Defendant's conduct is capable of repetition yet evading review through its power to disbar those who refuse to conform to its segregationist views. (Footnote omitted)

The US Supreme Court has made it clear that a subsequent act (consensual disbarment here) permits a matter to remain a live case or controversy if there remains "some concrete and continuing injury" or "collateral consequence" resulting from the [refusal to dissociate]. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Supreme Court has made clear that courts are to "presume that a wrongful [violation of constitutional rights] has continuing collateral consequences (or, what is effectively the same, to count collateral consequences that are remote and unlikely to occur)." *Id*. at 7-8 (citing *Sibron v. New York*, 392 U.S. 40, 55-56 (1968)). This presumption of collateral consequences "acknowledge[s] the obvious fact of life that most [constitutional violations] do in fact entail adverse collateral legal consequences." *Sibron*, 392 U.S. at 55.

SBA's mootness argument is defeated by the allegations of concrete and continuing injury and collateral consequences alleged in the pleading. This issue in particular is not proper on a motion to dismiss as it is replete with factual questions requiring resolution through discovery.

### 5. 42 U.S.C. §1983 CLAIM IS WELL PLED

"Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (quotation marks and citation omitted). To state a claim under § 1983, a plaintiff must allege two distinct elements: (1) the violation of a right secured by the Constitution or laws of the United States, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. Plaintiff sufficiently alleges the element of the violation of his rights secured by the Constitution or laws of the United States.**

Plaintiff's entire Complaint is premised on Miller's, Vessella's and SBA's conspiracy with Brnovich, JSS and EMCC to deprive Plaintiff of his 1st Amendment right to expressive dissociation and the violations of 42 USC §12203 and 28 CFR §36.206. *See* SAC Count 1,¶¶ 15-65.

**B. Plaintiff sufficiently alleges that the violation was perpetrated by individuals acting under the color of state law.**

Plaintiff sufficiently alleges that Defendants acted under the color of state law. *See* SAC at ¶¶ 15, 63, 64.

A person acts under color of state law if he exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West*, 487 U.S. at 49 (quotation marks omitted). This requirement generally limits § 1983 suits to claims against public officials. To establish that private individuals like Miller and Vessella, acted under color of state law, a plaintiff must show that the individual "conspired or acted jointly with state actors to deprive the plaintiff[] of [his] constitutional rights.'" *Radcliffe v. Rainbow Const. Co.,* 254 F.3d 772, 783 (9th Cir. 2001) (citing *United Steelworkers v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540 (9th Cir. 1989)). This requires evidence of "an agreement or meeting of the minds to violate constitutional rights. Obviously, Mesdames Miller and Vessella are "persons".

Again, the conspiratorial agreement and the meeting of the minds between Miller, Vessella, the SBA and Brnovich is sufficiently and factually pled in SAC Count 1,¶¶ 15-65.

## CONCLUSION AND PRAYER FOR RELIEF

The issues raised in Defendant's M2D are factual issues requiring significant and thorough discovery. These issues are particularly unsuitable for decision on a Motion to Dismiss without further investigation.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss.

DATED this 2nd day of August 2019.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

Distributed through PACER.