Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

|  |  |
|---|---|
| PETER STROJNIK, (Sr.)<br><br>                                         Plaintiff,<br><br>vs.<br><br>STATE BAR OF ARIZONA, an Arizona nonprofit corporation, SHAUNA MILLER and JOHN DOE MILLER, husband and wife; MARET VESSELLA and JOHN DOE VESSELLA, Husband and Wife; YET UNKNOWN ENTITIES AND PERSONS WHO PARTICIPATED IN THE CONSPIRACY ALLEGED BELOW,<br><br>                                         Defendants. | Case No: 2:19-cv-02704-DJH<br><br>**JOINT CASE MANAGEMENT REPORT** |

**1.     A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

Peter Strojnik
State Bar of Arizona
Shauna Miller
John Doe Miller
Maret Vessella
John Doe Vessella

**2.  A short statement of the nature of the case (3 pages or less), including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute:**

**Plaintiff** alleges, generally, that the Defendants violated Plaintiff's 1st Amendment right of expressive dissociation. Plaintiff further alleges, generally, that Defendant conspired with Attorney General Brnovich, the East Mesa Chamber of Commerce , the local firm of Jennings Strauss and Salmon (in particular Lindsay Leavitt and Scott Frerichs) and yet unnamed other co-conspirators to violate Plaintiffs Title III and Title IV civil rights. Plaintiff's claims include:

(1) 42 U.S.C. § 1981 et seq Claims for (a) Violation of Plaintiff's 1st Amendment Right of Dissociation, and for (2) Violation of Plaintiffs right to be free from (1) retaliation, (2) interference, (3) coercion and/or (4) intimidation pursuant to 42 USC §12203 and 28 CFR §36.206, and for (c) Conspiracy to Violate Civil Rights.

(2) Civil Conspiracy

(3) Aiding and Abetting

(4) Tortious Interference with Contract

(5) Abuse of Process

(6) Intentional Infliction of Emotional Distress

**Defendants:** This Court lacks jurisdiction over the State Bar of Arizona under the Eleventh Amendment. This Court also lacks subject matter jurisdiction of Plaintiffs' claims attacking his disbarment or as to issues he raised and lost during the disciplinary process under the *Rooker-Feldman* doctrine. Plaintiff, who is no longer a member of the State Bar, lacks standing to make a general, constitutional attack on the disciplinary process. Having consented to disbarment, Plaintiff claims for declaratory and injunctive relief are moot.

As to Plaintiff's federal claims, Defendants Miller and Vessella have absolute prosecutorial immunity for acts associated with the disciplinary process.

As to Plaintiff's state law claims, Defendants Miller and Vessella are immune from suit under Arizona Supreme Court Rule 48(l).

Plaintiff has not pled claims under 42 U.S.C. §§ 1981a, 1983, or 1985. In addition to pleading deficiencies as to these claims, the State Bar is not a person for purposes of 42 U.S.C. § 1983 and cannot be sued for damages.

Additionally, Defendants deny liability as to all of Plaintiffs' claims

**3. The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes, if any:**

**Plaintiff:** The actions or omissions that form the basis for the Plaintiffs' claims herein occurred in Maricopa County in the State of Arizona. The Court has jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331 and 1343 for claims arising under 42 U.S.C. §§ 1981, 1981a, 1983, 1985 and 1988. The Court has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. 18. Venue in this Court is appropriate under 28 U.S.C. § 1391(b)(2) because the Defendant is located within this District.

**Defendants:** This Court lacks subject matter jurisdiction over the State Bar of Arizona under the Eleventh Amendment and of certain of Plaintiff's claims under the *Rooker-Feldman* doctrine.

**4. Parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared, including fictitious parties. Unless any party can otherwise show cause, an order shall accompany the Joint Case Management Report dismissing any party which has not been served, naming fictitious or unnamed parties, or seeking default judgment on any nonappearing party:**

All parties have been served or service has been waived.

**5. A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 60 days from the issuance of the Rule 16 Scheduling Order):**

3

**Plaintiff** expects to add additional parties at the conclusion of discovery.

**Defendants**: None

6. **A list of contemplated motions and a statement of the issues to be decided by these motions:**

**Plaintiff** currently anticipates no motions.

**Defendants** will file their motion to dismiss the second amended complaint on August 15, 2019.

7. **Whether the parties will consent to the assignment of this action to a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c):**

**Plaintiff** consents.

**Defendants** do not consent.

8. **The status of related cases pending before other courts or other judges of this Court:**

None.

9. **A statement of when the parties exchanged or will exchange Fed.R.Civ.P. 26(a) Initial Disclosures:**

**Plaintiff** notes that a motion to dismiss is contemplated by Defendant and that initial disclosures should await the Court's decision.

**Defendants** contend that the Rule 26(a)(1) disclosures have been replaced by the MIDP Responses to be exchanged within 30 days of the filing of Defendants' motion to dismiss.

10. **A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it will be produced (see Fed.R.Civ.P 16(b)(3)(B)(iii); Fed.R.Civ.P. 26(f)(3) (C)):**

**Plaintiff** proposes that all discovery be exchanged electronically in pdf format.

**Defendant** agrees.

4

**11. A discussion of any issues relating to claims of privilege or work product (see Fed.R.Civ.P. 16(b)(3)(B)(iv); Fed.R.Civ.P. 26(f)(3)(D)):**

**Plaintiff** will assert attorney client and work product privilege where appropriate.

**Defendants** will also assert attorney-client and work product privileges as appropriate.

**12. A discussion of the parties' compliance to date with the MIDP, whether any issues have arisen under the MIDP, and, if issues have a risen, a description of those issues so the Court may resolve them at the Rule 16 conference. If the Rule 26(f) joint report raises MIDP issues for the Court to resolve, copies of the parties' MIDP disclosures should be attached to the report:**

**Plaintiff** notes that initial MIDP disclosures have not been exchanged and proposes that same be exchanged within 14 days' of the Court's decision on anticipated Motion to Dismiss.

**Defendants** contend that the Rule 26(a)(1) disclosures have been replaced by the MIDP Responses to be exchanged within 30 days of the filing of Defendants' motion to dismiss.

**13. A discussion of necessary discovery, including:**

a. The extent, nature, and location of discovery anticipated by the parties:

**Plaintiff** intends to initially issue written discovery to Defendants and subpoena duces tecum discovery on AG Brnovich, Jennings Strauss & Salmon and East Mesa Chamber of Commerce to be followed by in person deposition of named individual defendants, Mr. Brnovich, Mr. Leavitt and Mr. Frerichs and 30(b)(6) depositions of the SBA, the AG's office, Jennings Strauss and Salmon and East Mesa Chamber of Commerce.

**Defendants**: If this case is not dismissed, Defendants expect to depose Plaintiff and take additional discovery with respect to his damages.

b. The scope of discovery and whether discovery should be conducted in phases or should be limited to focus on particular issues:

**Plaintiff** notes that most discoverable information is in the possession of the named conspirators, Brnovich, JSS and EMCC. Plaintiff intends to conduct broad discovery regarding all manners of communications between the referenced parties. Plaintiff believes that discovery should not be conducted in phases.

**Defendants** believe that no formal discovery should be taken until their motion to dismiss is decided.

c. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:

**Plaintiff** initially intends to notice no more that 10 depositions; however, this may change as information develops. **Plaintiff** requests the right to submit 50 interrogatories instead of 25 and to permit unlimited Requests for Admissions.

**Defendants** believe that the parties should adhere to the standard discovery limitations imposed by the FRCP.

d. The number of hours permitted for each deposition, unless modified by agreement of the parties. See Fed.R.Civ.P. 30(d)(1).

**Plaintiff:** 7

**Defendants:** Agree.

**14.   A statement of when the parties served their MIDP discovery responses:**

Parties have not yet exchanged MIDPs.

6

**15.  Proposed specific dates for each of the following:**

   a. A deadline for the completion of fact discovery, which will also be the deadline for final supplementation of discovery responses under the MIDP:

   **Plaintiff:** July 19, 2020.

   **Defendants:** Agree.

   b. Dates for complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(E), including separate dates for plaintiff's expert disclosure, defendant's expert disclosure, and for rebuttal expert disclosure:

   **Plaintiff:** July 19, 2020.

   **Defendants:** May 1, 2020.

   c. A deadline for completion of all expert depositions:

   **Plaintiff:** July 19, 2020.

   **Defendants:** Agree.

   d. A deadline for filing dispositive motions:

   **Plaintiff:** October 9, 2020.

   **Defendants:** Agree.

   e. A date by which the parties shall have engaged in face-to-face good faith settlement talks:

   **Plaintiff:** Plaintiff believes that this case is not settleable.

   **Defendants:** Agree.

**16.  Whether a jury trial has been requested and whether the request for a jury trial is contested and, if so, the reasons why the request is contested:**

Plaintiff requested a trial by jury. Defendants contest a trial by a jury with respect to Plaintiffs' requests for non-monetary relief.

**17.** **The estimated length of trial:**

3 weeks

**18.** **The prospects for settlement, including any request of the Court for assistance in settlement efforts, including referral to a United States Magistrate Judge for the limited purposes of settlement.**

**Plaintiff:** Plaintiff believes that this case is not settleable.

**Defendants:** Agree.

DATED this 14th day of August  2019.

               **PETER STROJNIK**

               */s/ Peter Strojnik*

               Peter Strojnik
               Plaintiff

               **BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**

               By /s/ Lisa T. Hauser
               Lisa T. Hauser
               Carrie A. Laliberte
               2325 E. Camelback Rd., Ste. 300
               Phoenix, Arizona 85016
               *Attorneys for Defendant State Bar of Arizona, Shauna and John Doe Miller, and Maret and John Doe Vessella*

Filed and distributed through PACER.