# EXHIBIT 2

Shauna R. Miller, Bar No. 015197
Senior Bar Counsel
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266
Telephone (602)340-7386
Email: LRO@staff.azbar.org

OFFICE OF THE
PRESIDING DISCIPLINARY JUDGE
SUPREME COURT OF ARIZONA

NOV 1 6 2018

FILED

BY

## BEFORE THE PRESIDING DISCIPLINARY JUDGE

IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,

**PETER STROJNIK,**
**Bar No. 006464,**

Respondent.

**PDJ 2018-9105**

**COMPLAINT**

[State Bar File Nos. 16-0334,
16-1309, 16-1987, 16-2069, 16-2209,
16-2346, 16-2595, 16-2602, 16-2604,
16-2667, 16-2741, 16-2788, 16-2793,
16-2800, 16-2919, 16-3689, 17-3925,
18-1751]

Complaint is made against Respondent as follows:

### GENERAL ALLEGATIONS

1.    At all times relevant, Respondent was licensed to practice law in Arizona, having been admitted on October 4, 1980.

2.    On July 11, 2018, Respondent was suspended from the practice of law on an interim basis and until further order of the Presiding Disciplinary Judge.

3.    Beginning in 2016, and continuing into 2018, Respondent filed thousands of lawsuits against small businesses alleging minor violations of the Americans with Disabilities Act (ADA) and the Arizonans with Disabilities Act (AzDA) in both state and federal courts, ("the parking lot cases" and "the hotel cases").

4.    In almost every state court parking-lot cases, Respondent represented plaintiffs Advocates for Individuals with Disabilities, LLC, ("AID") and David Ritzenthaler ("Mr. Ritzenthaler"). [1]

5.    The ADA allows plaintiffs to request reasonable attorneys' fees, and injunctive relief.

6.    The AzDA allows plaintiffs to request reasonable attorneys' fees, injunctive relief, and monetary damages, excluding punitive damages.

7.    In the state court parking-lot cases, the Attorney General's Office ("the AG or the AG's office") moved to intervene and consolidate the lawsuits for

---

[1] AKA, Advocates for American Disabled Individuals LLC, Advocates for Individuals with Disabilities Foundation.   In Count Four (A), Respondent represented plaintiff Vickie Barr.

the purpose of having them dismissed on procedural grounds ("the consolidated cases").

8.    The state court parking-lot cases were virtually all the same:

a.    they were filed against small business owners,

b.    they lawsuits contained vague, non-specific allegations of ADA or AzDA parking sign violations,

c.    most, if not all, of the lawsuits contained demands for attorney's fees in an amount of no less than $5,000, regardless of the amount of work Respondent had performed,

d.    most, if not all, of the lawsuits contained demands for damages in an amount of no less than $5,000, regardless of the minimal amount of damages available,

e.    all of the lawsuits requested the closure of the business until it fully complied with the ADA and/or the AzDA.

9.    The state court granted the intervention, consolidated the cases, and eventually dismissed the majority of the cases for lack of standing.

10.    During the proceedings described in 9 above, the court stayed the individual underlying cases.

11.    The individual dismissed cases were then referred back to their original divisions to allow defendants to move for attorneys' fees and sanctions.

12.    In the federal court parking-lot cases, the AG's office moved to intervene in one case for the purpose of having Respondent declared a vexatious litigant. *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 898 (D. Ariz. 2017) ("*MidFirst Bank*").

13.    The courts have referred to Respondent's actions in bringing the ADA and AzDA lawsuits as "extortionate" and "ethically suspect."

14.    Respondent's actions in filing thousands of frivolous ADA lawsuits caused an enormous strain on the court system.

### COUNT ONE (File no. 16-2919/State Bar)

15.    Paragraphs 3 through 14 are incorporated herein.

16.    On March 27, 2017, the AG's office filed a Rule 11 motion in the state court parking-lot cases, alleging that Respondent perpetrated a fraud on the

court in claiming millions of dollars in attorney's fees and monetary damages as part of a scheme to make money.

17.    Respondent used false statements and deceptions in the parking-lot cases to extort money from defendants by telling them it would be cheaper to settle with him for thousands of dollars than to spend many thousands more defending a lawsuit.

<u>Respondent made false claims for attorney's fees</u>

18.    Respondent repeatedly certified to the court false claims for attorneys' fees of at least $5,000.

19.    Respondent had AID investigators conduct investigations before filing any of the parking-lot cases.

20.    The AID investigators had no expertise except the ability to take measurements with a yard stick, with a level, and with a slope measurement tool.

21.    The AID investigators would take photographs of the parking lots and make a notation on whether the photograph showed a particular violation ("the investigative report").

22.    On information and belief, the investigators were paid $2 for each investigative report.

23.    Respondent relied upon the investigative reports to determine if there were ADA or AzDA violations.

24.    Respondent did not know who the people were who actually took the photographs and flagged the ADA or AzDA violations.

25.    Respondent knew that some of the AID investigators were individuals hired from Craigslist.

26.    Respondent did not know how the instruments the AID investigator's used to take the photographs worked and he had no expertise regarding the instruments.

27.    Respondent reviewed the investigative report prepared by AID investigators.

28.    If Respondent determined there was a violation he would prepare a complaint, sign it, and file it after Mr. Ritzenthaler reviewed it.

29.    The process described in 27 and 28 above took Respondent approximately 30 minutes per complaint to complete.

30.    In some of the parking-lot cases where Respondent demanded $5,000 for attorney's fees, he sued dirt parking lots.

31.    In some of the parking-lot cases where Respondent demanded $5,000 for attorney's fees he alleged the businesses were public lodgings, when they were not.

32.    Respondent's fee agreements indicated that the sole source of any monetary payment would come from individual defendants.

33.    Respondent misrepresented that he charged his clients a flat fee of $5,000 in every case, when he actually worked for free under an arrangement with AID.

34.    Respondent paid most of the attorney's fees collected directly to AID.

35.    In the state court parking-lot cases alone, Respondent collected approximately $1.2 million dollars, mostly consisting of attorney's fees.

36.    Respondent sought attorney's fees of at least $5,000 under ARS § 41-1492.09(F), even though that section of the statute refers to reasonable attorney's fees.

37.    In some of the parking-lot cases that ended in default, Respondent would request the entire $5,000 fee despite not having performed work to justify the fee.

<u>Respondent made false claims for monetary damages</u>

38.    Respondent perpetrated a fraud on the court by repeatedly certifying to the court false claims for monetary damages of at least $5,000.

39.    On every complaint Respondent signed, he falsely verified that the demand for monetary damages was well grounded in fact.

40.    Respondent knew that recovering damages under the ADA or AzDA was speculative.

41.    Respondent knew that any damage award would be largely nominal.

42.    Respondent knew that damages in the parking-lot cases were emotional rather than economical.

43.    Respondent knew that neither AID nor Mr. Ritzenthaler had ever personally visited any of the properties they sued.

44.    Respondent knew that he could extort funds from parking-lot defendants just by filing the lawsuit because they would be compelled to settle with him which would cost less than defending against the lawsuit.

<u>Respondent's attempts to "judge shop."</u>

45.    *AID LLC, and Ritzenthaler vs. Gemini Business Park* (CV2016-090503) ("*Gemini*") was one of the state court parking-lot cases filed by Respondent.

46.    On March 30, 2016, attorney Clint Goodman ("Mr. Goodman") on behalf of *Gemini*, filed a motion to dismiss and request for sanctions ("motion to dismiss").

47.    Mr. Goodman argued in the motion to dismiss that Respondent's serial litigation was similar to the behavior in *Molski v. Evergreen Dynasty Corp*, 500 F.3d 1047 (9th Cir. 2007):

> We acknowledge that Molski's numerous suits were probably
> meritorious in part — many of the establishments he sued were
> likely not in compliance with the ADA. On the other hand, the
> district court had ample basis to conclude that Molski trumped
> up his claims of injury. The district court could permissibly
> conclude that Molski used these lawsuits and their false and
> exaggerated allegations as a harassing device to extract cash

settlements from the targeted defendants because of their noncompliance with the ADA. Id. at 1062.

48.    Attorney Lindsay Leavitt ("Mr. Leavitt") represented thirteen separate defendants in the state court parking-lot cases.

49.    On July 15, 2016, Mr. Leavitt moved to have the thirteen parking-lot cases "filed by Plaintiffs be deemed related and transferred to [Judge Talamante] for all further proceedings."

50.    The lead case of those Mr. Leavitt sought to have consolidated was *AID and Ritzenthaler vs. 1639 40ᵗʰ Street, LLC*, CV2016-090506 ("*1639 40ᵗʰ Street*"); Judge Talamante was the assigned judge.

51.    On August 12, 2016, Judge Talamante granted *Gemini's* motion to dismiss because plaintiffs had not alleged an actual injury in fact or an intent to return to the defendant's property.

52.    Also on August 12, 2016, Respondent filed two other court documents:

    a.    A notice of voluntary dismissal with prejudice in *1639 40ᵗʰ Street* which was assigned to Judge Talamante, and

> b.  Plaintiff's opposition to Mr. Leavitt's motion to deem cases related and request transfer in *AID and Ritzenthaler vs. Ranch Auto Center LLC*, CV2016-004548 ("*Ranch Auto*"), assigned to Judge Gerlach.

53.     Respondent argued that because he dismissed the complaint in *1639 40th Street*, that case was no longer the earliest case filed under the applicable rules, and Judge Talamante must decline to hear Mr. Leavitt's motion, effectively transferring the remaining cases to Judge Gerlach, the assigned judge on *Ranch Auto*.

54.     On August 22, 2016, Respondent filed a Rule 42(f)(1)(A) notice of change of judge as a matter of right in *1639 40th Street*.

55.     Judge Talamante set a telephonic status conference for August 25, 2016 to discuss the motions and the dismissal.

56.     On August 23, 2016, Judge Talamante entered a minute entry order "directing the parties not to file any additional Motions, Responses or Replies in this case until further order of the Court.  All of the prior Motions will be discussed at the hearing and/or argued."

57.    On August 24, 2016, the AG's office filed its motion to intervene for a limited purpose ("motion to intervene") and motion to consolidate the cases for limited purpose ("motion to consolidate") in case *1639 40th Street*.

58.    The AG's motion to consolidate states in part: "If these cases are consolidated, and the State is permitted to intervene as a limited purpose defendant, the State intends to file a motion seeking dismissal of all consolidated cases on the basis of threshold questions of law and facts common to all consolidated cases, including, but not limited to, Plaintiffs' lack of standing."

59.    In an August 25, 2016 minute entry order, Judge Talamante granted consolidation of the files as requested by the AG.

60.    Judge Talamante also found that Respondent's notice of voluntary dismissal in *1639 40th Street* was null and void and denied Respondent's notice of change of judge as a matter of right ("notice of change of judge").

61.    On September 6, 2016, Dennis I. Wilenchik ("Mr. Wilenchik") filed a notice of limited appearance on behalf of AID/Ritzenthaler for the "purpose of responding to the State's intervention in this matter and related filings."

62.    On September 9, 2016, Judge Talamante granted the AG's motion to intervene.

63.    On September 9, 2016, Mr. Wilenchik filed a motion to stay in *1639 40th Street* because plaintiffs were appealing the denial of Respondent's notice of change of judge.

64.    On September 13, 2016, the AG's office filed its opposition to the motion to stay.

65.    In its opposition to the stay, the AG's office accused Respondent of judge shopping based on the prior unfavorable ruling by Judge Talamante in *Gemini*.

66.    Respondent had filed over a thousand cut-and-paste complaints and he was able to see which judges would dismiss the plaintiffs' claims; he could then move to change the judge as a matter of right, which is what he did in *1639 40th Street*.

67.    The *Gemini* complaint and the *1639 40th Street* complaint were filed the same day with exactly the same content other than Defendant's name and address.

68.    In a September 22, 2016 minute entry order, Judge Talamante stated in part:

> As a preliminary matter, it should be noted that the Court did not rely on the holding in *Williams v Superior Court* 190 Ariz. 80 (App. 1997) in rejecting Plaintiffs' Rule 43(f) Notice of Change of Judge but the policy discussion in the opinion prohibiting judge-shopping after a party discovers the trial court's viewpoint on a significant issue. Plaintiffs' arguments to the contrary are disingenuous. In the Court's estimation, the so called "other actions" filed by Plaintiffs were identical in the legal issues raised and ruled on in this matter. (Errors in the original).

69.    On September 23, 2016, Judge Talamante granted the motion to consolidate and, except as to Plaintiffs and the AG's office, stayed the underlying consolidated cases (the "consolidated cases").

### Motion to Amend the Complaint/Notice of Errata

70.    On October 19, 2016, Respondent's co-counsel Mr. Wilenchik, filed a motion for leave to file amended complaint in *1639 40th Street et al.,* the consolidated cases ("motion for leave to amend"), seeking to add new plaintiffs Jason Matthew Thomas and Danny Taylor Thomas.

71.    On October 27, 2016, Respondent filed a notice of errata ("the notice of errata") to purportedly correct the proposed amended complaint that was attached to the motion for leave to amend.

72.    Respondent filed the notice of errata to provide a "corrected version" of the proposed amended complaint, which substitutes the name of Fernando Gastelum ("Mr. Gastelum") for Danny Taylor Thomas and Jason Thomas as named plaintiffs.

73.    On October 28, 2016, the AG's office opposed the amendments that sought to add allegations about events post-dating the original complaints.

74.    The allegations relate to proposed new plaintiff Mr. Gastelum:

> Under the guise of "clarifying" their standing to bring the Consolidated Complaints, Plaintiffs were attempting to bring claims based largely on new inspections by a new plaintiff with a disability, performed months after the original complaints were filed and perhaps weeks after the UAC [universal amended complaint] was filed. Under principles of standing, such an amendment would be improper. If (as the State contends) Plaintiffs lacked standing to bring the original complaints, they also lack standing to bring an amended complaint based on events related to other Plaintiffs that occurred months after the original complaints were filed.

75.    Respondent improperly attempted to add Mr. Gastelum as a new plaintiff in the state court parking-lot cases through a notice of errata.

76.    Mr. Gastelum was hired to do re-inspections of the parking lots for AID in the parking-lot cases for the purpose of becoming the plaintiff in those cases.

77.    Mr. Gastelum was unaware that on October 27, 2016, Respondent had attempted to add him as a plaintiff in the AID cases.

78.    On November 28, 2016, the court denied Plaintiffs' motion for leave to amend because it sought to add a new party and to allege facts occurring subsequent to the facts alleged in the complaints against the consolidated Defendants.

79.    After the AID parking-lot cases were dismissed, Respondent started another scheme where he paid Mr. Gastelum $350 per case to participate as the plaintiff in the hotel cases, as discussed in Count Three.

<u>Failure to respond to the State Bar</u>

80.    On June 26, 2018, the State Bar sent a letter to Respondent's counsel at the time, Messrs. Geoffrey Sturr and Josh Bendor, along with 20 documents;

Respondent was asked for responses to seven detailed questions relating to the 20 documents.

81.    Respondent was asked to provide the information no later than July 20, 2018; Respondent failed to provide the requested information by the deadline.

82.    On August 9, 2018, the State Bar sent Respondent's counsel another email asking for a response no later than August 16, 2018.

83.    On August 11, 2018, Messrs. Sturr and Bendor withdrew from all pending screening matters and told the State Bar that Respondent would be responding to the requests for information.

84.    On August 29, 2018, the State Bar asked Respondent if he had sent his response to the June 26, 2018 letter.

85.    On September 4, 2018, Respondent was informed that bar counsel and her secretary had not received any responses to the June 26, 2018 letter.

86.    Respondent was reminded that failure to cooperate in a State Bar investigation is separate grounds for discipline and cited to ER 8.1 and Rule 54.

87.    Respondent was given until September 7, 2018 to provide the requested information; Respondent failed to do so.

88.     Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 3.3(a), 4.1(a), 4.4(a), 8.1, 8.4(c) and (d), Rule 54(d)Ariz. R. Sup. Ct.

### COUNT TWO (File no. 17-3925/State Bar)

89.     Paragraphs 3 through 44 are incorporated herein.

90.     On December 8, 2016, the AG's Office filed a motion to dismiss and motion for judgment on the pleadings in the consolidated parking-lot cases.

91.     On March 27, 2017, the AG's Office filed a motion for Rule 11 sanctions, motion for non-Rule 11 sanctions, motion in limine and motion for evidentiary hearing.

92.     On April 17, 2017, attorney Thomas Horne entered his appearance on behalf of AID, Mr. Ritzenthaler, and Respondent.

93.     On April 27, 2017, the court dismissed all of the consolidated parking-lot cases for lack of standing.

94.     On May 25, 2017, Respondent appealed the dismissal of the consolidated parking-lot cases.

95.    On August 8, 2017, the court granted the AG's request for an evidentiary hearing on Rule 11 and non-Rule 11 sanctions and set the hearing for November 20 and 21, 2017.

96.    Mr. Horne, on behalf of Respondent, Mr. Ritzenthaler, and AID, engaged in settlement discussions with the AG's Office.

97.    On November 2, 2017, Mr. Horne sent an email to the Assistant Attorney General Brunn (Beau) W. Roysden III and attached a Ninth Circuit case; *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust ("CREEC")* No. 16-16269, 867 F.3d 1093 (9th Cir. Aug. 9, 2017), indicating that the case was important and the parties needed to discuss it.

98.    Between November 3 and 6, 2017, Respondent, AID, Mr. Ritzenthaler, and the AG's office signed and filed a proposed order approving stipulation between said parties, awarding sanctions against certain plaintiffs, and returning cases to originating divisions.

99.    The Court approved the parties' agreement and entered its order on November 14, 2017.  Under the agreement:

a.  Respondent and his clients avoided the evidentiary hearing on sanctions set for November 20 and 21, 2017.

b.  Respondent agreed to withdraw the appeal of the dismissal of the consolidated parking-lot cases.

c.  The AG's office obtained a "consent to the entry of judgment – as a sanction pursuant to Rule 11, A.R.S. §12-349, and the inherent power of the Court – against [plaintiffs] in favor of the Consolidated Defendants in each of the consolidated cases for the defendant's reasonable attorneys' fees and costs (if any) in defending the case."

d.  Plaintiffs were ordered to pay the AG's Office $25,000 for an ADA and AzDA education and compliance fund.

e.  Plaintiffs were permanently enjoined from filing as plaintiff any actions in the state courts that allege violations of the ADA or AzDA.

f.  The State was to be dismissed as a defendant after receiving the payment of the $25,000, "other than [from *1639 40th Street*] CV

2016-090506 for purposes of enforcing this order (if necessary)."

g.    "The consolidated cases are returned to their originating divisions for the defendant'(s) in each case to file, if they choose, an application for reasonable attorneys' fees and cost (if any) against Plaintiff's in defending their case."

100.   On December 14, 2017, the State Bar received a bar charge from the AG's office.

101.   Assistant Attorney General Matthew Du Mee, heard a recording of a hearing that took place in *AID et al. v. Tarrian Properties LLC,* CV2016-090543 ("*Tarrian*").

102.   In that hearing, Respondent made a number of misrepresentations in an effort to mislead the Court and evade sanctions.

103.   Respondent made the following statement (the "statement") about Judge Talamante's order in the consolidated cases:

> I would also like to point out that counsel is correct in asserting that a new ruling has been issued by Judge Talamante, in which Judge Talamante, to the credit of both Judge Talamante and to the credit of the Attorney General, recognized that the

decisions of dismissal were wrong and that all applications for sanctions and attorneys' fees that were filed in that case were wrong, because Plaintiff had been correct all along. And on that basis, not only did Judge Talamante issue the order accepting the stipulation between the Attorney General and myself, but it specifically stated that any continuation of prosecution of Plaintiffs or of Plaintiffs' lawyers, namely, myself, for violation of any Arizona statutes would be improper and would not serve the ends of justice. And therefore he dismissed all sanctions motions with prejudice against the Plaintiffs and the Plaintiffs' attorneys. And again, I want to give the Attorney General a lot of credit for recognizing that [inaudible] the recent decision in the Ninth Circuit court of appeals that, frankly Your Honor, we were correct all along and defendants were wrong all along.

104.  Respondent's statement is not truthful because Judge Talamante's order did not recognize that the decisions of dismissal were wrong.

105.  Respondent's statement that Judge Talamante "dismissed all sanctions motions with prejudice against the Plaintiffs and the Plaintiffs' attorneys" is false and is a misrepresentation to the court.

106.  Respondent's statement that Judge Talamante's order recognized "that all applications for sanctions and attorneys' fees that were filed in that case were wrong, because Plaintiff had been correct all along," is false and is a misrepresentation to the court.

107.    Respondent's statement that Judge Talamante's order "specifically stated that any continuation of prosecution of Plaintiffs or of Plaintiffs' lawyers, namely, [Respondent], for violation of any Arizona statutes would be improper and would not serve the ends of justice," is false and a misrepresentation to the court.

108.    In approximately eight cases, defendants in the returned cases did file applications for attorney's fees (the "applications"), and many also requested sanctions against Respondent.

109.    Based on these applications, Respondent began filing Rule 60 motions with the individual judges once the cases were returned to their original divisions, requesting relief from judgment.

110.    Judge Talamante had retained jurisdiction over *1639 40th Street*, "for the purpose of enforcing this order" and the AG's office was dismissed from all of the consolidated cases except for *1639 40th Street* "for the purpose of enforcing this order (if necessary)."

111.    On February 2, 2018, the AG's office filed an application for order to show cause ("the OSC") in *1639 40th Street* alleging that Respondent violated Judge Talamante's November 14, 2017, order.

112.    In three of the Rule 60 motions Respondent filed, the requested relief was to vacate Judge Talamante's dismissal of the consolidated ADA/AzDA cases.

113.    The OSC hearing was set for April 13, 2018.

114.    On April 5, 2018, Respondent filed a motion to continue the OSC hearing.

115.    On April 9, 2018, the Court:

    a.    denied Respondent's motion to continue the hearing,

    b.    vacated the April 13, 2018 return hearing,

    c.    denied plaintiffs cross motion for sanctions against "AG Brnovich,"

    d.    directed Respondent to affirm that Rule 60 motions were only filed in eight of the previously consolidated cases, and

    e.    ordered Respondent to not file any additional Rule 60 motions.

116.    In a May 14, 2018 minute entry order, Judge Talamante stated in part:

> Notwithstanding that Plaintiff was seeking relief from a judgment issued by this Division in the consolidated case on April 27, 2017, Plaintiff improperly filed its Motion for Relief in the Defendant's individual cases. [...] First, Plaintiff filed its Motion without giving notice to the State of Arizona, ex. Rel. Mark Brnovich, the Defendant/Intervenor and did not provide a copy to the Defendant/Intervenor. The Court finds this to be a serious due process violation and is a sufficient basis for denial of the Motion. Plaintiff and the Defendant/Intervenor negotiated a settlement and submitted a Stipulated Order to the Court that resolved the Plaintiff's appeal of the April 27, 2017 Judgment. Not providing the Defendant/Intervenor with direct notice of the Motion for Relief is inexcusable.

117.   On June 26, 2018, the State Bar sent a letter to Respondent's counsel at the time, Messrs. Sturr and Bendor, along with 26 documents; Respondent was asked to respond to four questions relating to the 26 documents.

118.   Respondent was asked to provide the information requested in the June 26, 2018 letter, no later than July 20, 2018. Respondent failed to provide the requested information by the deadline.

119.   On August 9, 2018, the State Bar sent Respondent's counsel another email asking for a response no later than August 16, 2018.

120.  On August 11, 2018, Messrs. Sturr and Bendor informed the State Bar they were withdrawing from all pending screening matters and said that Respondent would respond to the State Bar's request for information.

121.  On August 29, 2018, the State Bar asked Respondent if he had sent his response to the June 26, 2018 letter.

122.  On September 4, 2018, Respondent was informed that bar counsel and bar counsel's secretary had not received any responses to the June 26, 2018 letter.  Respondent was reminded that failure to cooperate in a State Bar investigation is separate grounds for discipline and cited to ER 8.1 and Rule 54.

123.  Respondent was given until September 7, 2018 to provide the requested information.  Respondent failed to do so.

124.  Based upon the foregoing Respondent violated Rule 42, ERs 3.1, 3.3(a), 3.4(c), 4.1(a), 4.4(a), 8.1(b), 8.4(c) and (d), and Rule 54(d), Ariz. R. Sup. Ct.

### COUNT THREE (File no. 18-1751/State Bar)

125.  Paragraphs 3 through 44 are incorporated herein.

126.   On September 5, 2017, US District Court Judge Neil V. Wake issued an order in *MidFirst Bank* dismissing Respondent's federal court parking-lot complaint ("dismissal order").

127.   The lawsuit alleged minor violations of the ADA and the AzDA.

128.   The lawsuit contained vague, non-specific allegations of ADA or AzDA parking sign violations ("parking-lot case").

129.   The court noted in its dismissal order that Respondent and plaintiffs had "pursued upwards of 160 cookie-cutter lawsuits in federal court ...."

130.   The court also strongly suggested that sanctions were appropriate, concluding that Respondent's "extortionate practice ha[d] become pervasive," and that he had engaged in "ethically suspect tactics."

131.   The court also denied Respondent's request to remand the case to the state court, stating that "it is certain that Arizona courts would not waive the standing requirement and empower [Respondent's] unethical extortion of unreasonable attorney's fees from defendants."

132.   On December 5, 2017, the AG's office filed a Motion to Intervene in *MidFirst Bank*.

133.    In its motion, the AG explained the basis for its request to intervene, which includes, but is not limited to Respondent:

      a.    misrepresenting and drastically exaggerating his actual and/or reasonable fees in determining a minimum of $5,000 in each one of his cookie-cutter complaints;

      b.    misrepresenting plaintiffs' actual damages in several suits, seeking $5,000 or more without any good-faith basis for doing so; and

      c.    filing numerous suits to extort settlements from defendants, improperly relying on the cost of litigation to coerce settlements.

<u>Gastelum Cases</u>

134.    In 2016, Respondent began filing new ADA/AzDA lawsuits in the federal court with a new plaintiff, Fernando Gastelum.

135.    One such lawsuit is *Fernando Gastelum vs. Vendata* (Vendata). Unlike the parking-lot cases, Mr. Gastelum is the sole plaintiff and the complaints

allege violations related to hotel lodgings and hotel parking lot violations ("the hotel cases").

136.   On January 23, 2018, the AG's office filed a notice of supplemental evidence in support of its motion to intervene ("the supplemental evidence").

137.   The supplemental evidence was a copy of a settlement agreement and release, and excerpts from Mr. Gastelum's deposition, which was taken on November 17, 2017 in the *Vendata* case.

138.   Vendata paid Respondent $18,750 in "costs, expenses, compensatory damages, punitive damages, attorney's fees and equitable damages" to settle the case.

139.   Mr. Gastelum, as the plaintiff, received a payment of $350 from the *Vendata* settlement.

140.   As of November 17, 2017, Mr. Gastelum had received approximately $1,500 from other cases that Respondent had settled.

141.   Mr. Gastelum did not know the settlement amounts for the cases that Respondent settled and for which he was the named plaintiff.

142.   In plaintiff's application for fees, costs and expenses in *Gastelum v.*
*Pride Hospitality, Inc.* ("fee application"), Respondent asked the court to award
$18,330 in attorney's fees, $1,598.60 in costs, and $1,362.40 "[c]ommon pre-filing
due diligence investigations allocated to this case…"

143.   In the ADA hotel cases when an offer of judgment had been accepted,
Respondent filed applications for fees, costs and expenses.

144.   In the fee applications filed by Respondent in the Gastelum federal
court hotel cases, each had identical terms including:

    a.    Respondent's hourly rate is $650.00 per hour,

    b.    Respondent represented Plaintiff pro bono, but can recover
attorney's fees from the defendant at the rate of $650 per hour.

    c.    Respondent had unfettered discretion to settle the lawsuit, but
the client's consent is required if the settlement amount is less
than $350; and

    d.    one expense under "client expenses" was paying Mr. Gastelum
$350 for mileage, time effort, reviews, collection of evidence,
and other expenses as required.

145.  There was minimal difficulty and risk to Respondent in taking on these cases, as he had filed many similar cases against other defendants.

146.  Respondent was not precluded from handling other work and he continued to file ADA lawsuits in the federal court.

147.  There were no significant time constraints imposed on Respondent by Mr. Gastelum for resolution of the cases.

148.  Respondent's rate of $650/hour is unreasonable because the cases Respondent claims gave him the extensive experience in ADA/AzDA litigation, were basically all dismissed.

149.  Respondent charged $650 per hour for performing many tasks that involved purely administrative work such as issuing a summons, receiving and filing a proof of service of process, and entering time entries.

150.  Mr. Gastelum received no benefit from the services provided by Respondent because he received only $350 per case, regardless of the amount of attorney fees awarded.

151.  As of May 3, 2018, Respondent had collected approximately $384,000 in attorney's fees and costs in the Gastelum litigations.

152.   After May 3, 2018, Respondent expected to collect approximately an additional $288,000 in attorney's fees and costs in the Gastelum litigations.

153.   The settlement amounts in the Gastelum litigations had no connection to Mr. Gastelum's actual monetary damages.

154.   The settlement amounts in the Gastelum litigations had no connection to the legal services Respondent provided.

155.   On May 25, 2018, Judge G. Murray Snow ordered a consolidated hearing to consider Mr. Gastelum's standing in the hotel cases before him.   Mr. Gastelum failed to meet the requirements for standing in every case.

156.   Judge Snow concluded that Respondent and Mr. Gastelum were engaged in a "joint enterprise" to file suits against Phoenix area lodgings that they believe to be out of compliance with ADA standards.

157.   The suits were filed without reference to whether Mr. Gastelum actually intended to make future visits to those facilities or even if he potentially might be deterred from future visits by the type of non-compliance.

158.   Judge Snow dismissed all of the Gastelum hotel cases before him, based on the lack of standing.

159.   Since Judge Snow's ruling, Respondent has filed at least four more ADA hotel cases in the federal court.

160.   Respondent's scheme, or "joint enterprise" with Mr. Gastelum, put an unmanageable strain on the court, court personal, and court resources.

161.   Based upon the foregoing Respondent violated Rule 42, ERs 1.2, 1.4, 1.5(a), 3.1, 8.4(c) and (d), Ariz. R. Sup. Ct.

### COUNT FOUR (File Nos. 16-0334 et al.)[2]

162.   Paragraphs 3 through 44 are incorporated herein.

163.   This count includes 15 complainants that were served with nearly identical ADA/AzDA complaints; all are Arizona small business owners.

164.   All of the verified complaints contain vague, non-specific allegations of ADA or AzDA violations, such as inadequate parking signage, inadequate number of spaces, or insufficient disbursement of spaces.

165.   All of the lawsuits contain demands for attorney's fees in an amount of no less than $5,000, regardless of how much time Respondent spent on an individual case.

---

[2]16-1309, 16-1987, 16-2069, 16-2209, 16-2346, 16-2595, 16-2602, 16-2604, 16-2667, 16-2741, 16-2788, 16-2793, 16-2800, 16-3689.

166.   Respondent was asked to provide an accounting of the time he spent on each case below, but failed to do so.

167.   All lawsuits requested the closure of the Complainants' businesses until Complainants fully complied with the ADA and/or the AzDA.

168.   The damages claimed, usually $5,000, were not supported by allegations in the complaints.

169.   Respondent failed to identify any disabled person who actually visited the Complainants' businesses.

170.   On September 26, 2016, most of the lawsuits were consolidated with other ADA/AzDA cases before Judge Talamante in CV2016-090506.

171.   On April 27, 2017, all of the consolidated cases were dismissed.

**A.   File no. 16-0334 - Complainant: Joann Burgess, opposing party**

172.   Paragraphs 3 through 44 are incorporated herein.

173.   Complainant Joann Burgess ("Burgess") owns a property at 3620 East Indian School Road that she rented to a tenant.

174.   The tenant hired a licensed contractor, acquired all the necessary permits, and passed all inspections.

175.    The contractor and the city both missed a small "van accessible" sign that was needed below the handicap sign on a parking space.

176.    On December 23, 2015, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA parking lot signage, or inadequate number of spaces, or insufficient disbursement of spaces. *Vicki Barr v. Friedman-Indian School LLC*, CV2015-012099 ("*Friedman-Indian School LLC*").

177.    The tenant immediately put up the missing sign, but the complaint indicated attorney's fees needed to be paid, even if the problem was corrected.

178.    Other than the name of his client, Vicki Barr ("Ms. Barr") Respondent provided no specific details regarding the plaintiff or her particular disability.

179.    Respondent did not provide any information regarding how the absence of the sign personally impacted his client.

180.    Respondent took advantage of the fact that it would have cost Burgess more to challenge the lawsuit than it would to pay Respondent's attorney's fees.

181.   In a January 15, 2016, letter to Burgess' counsel, Mr. Allen, Respondent wrote that his "client is entitled to fees whereas your client will not be."

182.   Respondent says that "the quoted portion of the letter is accurate.  It referred exclusively to the federal ADA and was made in reliance on the Ninth Circuit's interpretation of that statute."

183.   Respondent did not file the *Friedman-Indian School LLC* lawsuit in federal court; the action was filed in state court.

184.   Respondent settled the case for $4,750.00.

185.   Respondent's fee agreement with Ms. Barr contains the following:

    a.    it is an agreement to provide pro bono public services,

    b.    client authorizes attorneys to settle cases with a provision that all costs paid and attorney's fees incurred shall be paid directly to the attorneys,

    c.    all damages shall be paid directly to client,

    d.    client's damages will vary with the type of public accommodation denied to the client,

e.    damages to clients will encompass primarily emotional damages. Emotional damages may be difficult to ascertain,

f.    "Client advises Attorney's that emotional damages for failure to provide equal access to Client shall be no more than $500.00 per each case,"

g.    "Client specifically authorizes Attorneys to settle the damages part at $500.00 per case unless otherwise advised by e-mail prior to settlement," and

h.    "Attorney is authorized to settle any case at any amount provided that Client is paid damages in the sum of $500.00 from the settlement amount."

186.    Respondent settled with Burgess for $4,750.

187.    The check for the $4,750 was dated January 28, 2016, and was made payable to Respondent's trust account.

188.    Respondent was required to deposit the settlement check into his trust account, but he did not.

189.  In seven of the cases Respondent settled for Ms. Barr, he deposited the settlement checks into his operating account.

190.  In two of the cases he settled for Ms. Barr he deposited the checks into his trust account.

191.  Respondent paid Ms. Barr, $500 per case; or a total of $4,500 for nine cases.

192.  Based upon the foregoing Respondent violated Rule 42, ERs 1.2, 1.5(a), 1.15(a), 3.1, 8.4(d), and Rule 43, Ariz. R. Sup. Ct.

**B.    File no. 16-1309 - Complainant: Mike Wilson, opposing party**

193.  Paragraphs 3 through 44 are incorporated herein.

194.  Complainant Wilson ("Wilson") owns a condominium in a building where the parking lot is controlled by a condominium association.

195.  On March 24, 2016, Respondent filed a cut-and-paste complaint alleging that Wilson's property had improper or non-compliant ADA/AzDA parking lot signage, or inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. SpongeBob 8120 LLC*, CV2016-092241 (*"SpongeBob"*).

196. Wilson was not given a chance to make any corrections to the property before Respondent filed the complaint.

197. By letter dated March 14, 2016, Respondent provided *SpongeBob's* statutory agent with the verified complaint, summons, certificate of arbitration, and discovery requests.

198. Wilson sent a certified letter to Respondent, using the address listed on the complaint, advising that he did not control the parking lot and was wrongly named as the defendant.

199. The certified letter was returned as undeliverable.

200. Wilson hired attorney Clint G. Goodman to represent him in the lawsuit, and Mr. Goodman filed a motion to dismiss.

201. Respondent did not respond to the motion and Mr. Goodman filed a motion to expedite ruling.

202. The court granted Wilson's motion to dismiss and Wilson's attorney filed for attorney's fees and costs.

203. On September 12, 2016, the court granted Wilson $288.85 in costs, which was paid by Respondent's client David Ritzenthaler on May 31, 2017.

204.  On June 7, 2016, Respondent filed another cut-and-paste verified complaint alleging that another of Wilson's properties had improper or non-compliant ADA/AzDA parking lot signage; *Advocates for Individuals with Disabilities Foundation, Inc. v. 1255 Baseline LLC,* CV 2016-007046 (*"Baseline"*).

205.  By letter dated June 7, 2016, Respondent provided *Baseline's* statutory agent with the verified complaint, summons, certificate of arbitration, and discovery requests.

206.  Respondent's preparation and review of the complaint was minimal and deficient.  The first paragraph of the complaint indicates that it is paragraph 47 and the title indicates it was filed in the United States District Court, when it was filed in Maricopa County Court Superior Court.

207.  On August 9, 2016, Respondent filed a third lawsuit alleging that another of Wilson's properties had improper or non-compliant ADA/AzDA parking lot signage, or inadequate number of spaces, or insufficient disbursement of spaces. *Advocates for Individuals with Disabilities Foundation, Inc. v. Mesa Ridge Business Park 1, LLC,* CV 2016-011251, (*"Mesa Ridge"*).

208.  By letter dated July 25, 2016, Respondent provided *Mesa Ridge's* statutory agent with the verified complaint, summons, certificate of arbitration, and discovery requests.

209.  Respondent's preparation and review of the complaint was minimal and deficient.  The complaint is almost exactly the same as the Amended Verified Complaint in the *Baseline* lawsuit, with the only difference being the named defendant, the date the tester visited the property, the number of violations found, and one footnote on page 7.

210.  The Mesa Ridge complaint contains the same mistakes as the *Baseline* complaint.  In paragraph 4(e) of both complaints, it states: "Because only injunctive and declaratory relief is requested, participation in the action by individual disabled individuals is not required"; compared to paragraph 42 in both complaints, which is a demand for damages of no less than $5,000.

211.  On September 26, 2016, the three lawsuits were consolidated with other ADA/AzDA cases before Judge Talamante.

212.  Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**C.    File no. 16-1987 - Complainant: Dan Hofstadter, opposing party**

213.    Paragraphs 3 through 44 are incorporated herein.

214.    Complainant Hofstadter ("Hofstadter") managed Sol Hoff Company, LLC, which owned the Harmon Ranch Plaza in Chandler.

215.    On May 3, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, or inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. Sol Hoff Company LLC*, CV 2016-004654.

216.    Hofstadter was not given a chance to make any corrections to the property before Respondent filed the complaint.

217.    By letter dated April 21, 2016, Respondent provided Hofstadter with the verified complaint, summons, certificate of arbitration, and discovery requests.

218.    This was the second time Hofstadter had been sued by Respondent. The first lawsuit targeted Hofstadter's property at Guadalupe and McClintock in Tempe.

219.  Hofstadter's buildings are of recent construction and were compliant with the ADA/AzDA at the time of occupancy.

220.  On July 5, 2016, Respondent sent Hofstadter's attorney a letter offering to settle the matter for $7,500.

221.  Hofstadter's attorney advised him to settle with Respondent, as it would be more cost efficient than going to court.

222.  Hofstadter settled the case on September 9, 2016, for $3,700.

223.  The $3,700 check was made payable to *Advocates for Individuals with Disabilities, LLC*.

224.  Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**D.    File no. 16-2069 - Complainant: Delfor Alvarez, opposing party**

225.  Paragraphs 3 through 44 are incorporated herein.

226.  Complainant Alvarez ("Alvarez") owns one office condo within the 40,000-square-foot Gilbert Mercy Medical Center.

227.  Alvarez's business is a State Farm Insurance office.

228.   The parking lot contains numerous ADA/AzDA compliant spaces for handicapped patrons that are clearly marked and accessible.

229.   Alvarez did not design the complex, nor does he have a legal right to alter the exterior of the building or its parking facilities.

230.   On June 7, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, or inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation Inc. v. Delfor and Joann Alvarez,* CV 2016-007062.

231.   By letter dated June 7, 2016, Respondent provided Alvarez with the verified complaint, summons, certificate of arbitration, and discovery requests.

232.   Respondent's preparation and review of the complaint was minimal and deficient, and he erroneously alleges in the complaint that:

    a.   Alvarez has a history of failing to comply with the ADA/AzDA's mandate,

    b.   the property was not accessible to individuals with disabilities,

    c.   Alvarez's business offers public lodging,

d.    the complaint was filed in the District Court of Arizona.

233.    The complaint contains a request for attorney's fees of "no less than $5,000," and payment of costs and expenses, and monetary damages of "no less than $5,000."

234.    On June 21, 2016, Alvarez, after receiving the complaint, called Respondent and discussed the lawsuit.

235.    Alvarez followed up with an email to Respondent that same day, advising Respondent that he is not responsible for the common area parking lot.

236.    Alvarez told Respondent he should contact the management company about the allegations.

237.    Respondent assured Alvarez that he forwarded the email to his investigators to ensure that the allegations were appropriate under the current ADA and AzDA law.

238.    Respondent knew that the investigators,

a.    were untrained people hired from Craigslist to take pictures of businesses in specific zip codes, and

b.    were not knowledgeable about ADA and AzDA law.

239.   On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

240.   Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**E.     File no. 16-2209 - Complainant: Shanlyn Newman, opposing party**

241.   Paragraphs 3 through 44 are incorporated herein.

242.   Complainant Newman's ("Newman") business property is a chiropractic office and wellness center that has accommodated persons with disabilities on a daily basis for 16 years.

243.   Newman learned after being sued that the handicap parking space needed to have a "Van Accessible" sign to be in compliance with the ADA and AzDA.

244.   Newman would have made the appropriate alterations to the sign if she had been notified that it needed to be changed.

245.   On May 10, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, an inadequate number of handicapped parking spaces, or the handicapped

parking spaces were incorrectly disbursed; *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. New Hillcrest LLC*, CV 2016-006614.

246.   By letter dated May 4, 2016, Respondent provided Newman with the verified complaint, summons, certificate of arbitration, and discovery requests.

247.   Respondent falsely alleges in the complaint that:

      a.    Newman has a history of failing to comply with the ADA/ AZDA's mandate, and

      b.    the property was not accessible to individuals with disabilities.

248.   Newman hired attorney Cory Tyszka.

249.   On June 1, 2016, Respondent sent Ms. Tyszka a settlement letter offering to settle the matter for $7,500.

250.   Newman settled the case in June 2016 for $4,500.  The check was made payable to AID.

251.   On August 8, 2016, Respondent dismissed the complaint with prejudice.

252.   Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**F.    File no. 16-2346 - Complainant: Norma Perales, opposing party**

253.    Paragraphs 3 through 44 are incorporated herein.

254.    Complainant Perales ("Perales") is a member of the Ray Ranch condominium association, which is an office complex.

255.    Respondent filed a cut-and-paste complaint against the office complex and the individuals in the complex, seeking attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000."

256.    Complainant Perales' letter to the State Bar of Arizona reads as follows:

> Peter Strojnik Law firm has filled over 900 lawsuit to business and condominium associations in the last 6 months for ADA violations, he hopes most will settle for small amount to avoid exorbitant legal fees.  The lawsuit presented to my association is poorly drafted does not indicate what violations, because they don't care because they can amend it if need it and they want people to settle.  This is outrageous for small business and abuse of the system, we all happy to complain with any ADA regulations but we should not be made victims of unscrupulous lawyers for this (errors in original).

257.    On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

258.   Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

G.   **File no. 16-2595 - Complainant: Randy Shipley, opposing party**

259.   Paragraphs 3 through 44 are incorporated herein.

260.   On August 8, 2016, Complainant Shipley ("Shipley") received notice that a cut-and-paste complaint was filed against him regarding an ADA/AzDA violation. The complaint sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000." *Advocates for Individuals with Disabilities Foundation v. OOOC LLC,* CV2016-008790.

261.   Shipley owns Deer Velley Auto Auctions. The address listed in Respondent's verified complaint is the back lot of the auction business where the cars to be auctioned are stored, along with other automotive parts; there is no public access to this lot and it is not open to the public.

262.   Respondent falsely alleges in the complaint that:

    a.   Shipley has a history of failing to comply with the ADA/ AZDA's mandate,

  b. the property was not accessible to individuals with disabilities, and

  c. Shipley's business is a place of public accommodation.

263. Shipley hired an attorney to represent him, and a motion to dismiss was filed on August 26, 2016.

264. On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

265. Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**H. File no. 16-2602 - Complainant: Sharon Olsen, opposing party**

266. Paragraphs 3 through 44 are incorporated herein.

267. On May 11, 2016 Respondent filed a cut-and-paste complaint against Complainant Olsen ("Olsen") and her husband, personally, alleging that their property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v. Sharon and James Olsen,* CV201600626.

268.   Respondent sued Olsen and her husband individually, and not their corporation, because they own the property.

269.   The complaint sought attorneys' fees and monetary damages of "no less than $5,000."

270.   Olsen filed an answer on June 14, 2016.

271.   A few days after Olsen received the lawsuit, she called and spoke with someone at Respondent's office, and informed that person that Respondent had previously represented her when he incorporated her business.

272.   Olsen also consulted Respondent on other legal matters during the last several years.

273.   On June 30, 2016, Fabian Zazueta, in-house counsel for AID, called and told Olsen that because Respondents had represented her before, Mr. Zazueta would be handling the litigation.

274.   During that call, Mr. Zazueta offered to dismiss the lawsuit if Olsen agreed to be interviewed on camera saying that Respondent was involved in a good cause helping disabled people.

275.   Olsen has a disability; she has less than 60% use of her lungs and has had two knee replacements, and she told Mr. Zazueta that the offer appeared to be a form of bribery.

276.   Olsen took corrective action to fix the problems identified in the lawsuit.

277.   Within two weeks of receiving the lawsuit, Olsen hired a contractor and made the parking spaces the correct width and the ADA/AzDA signs were moved to the correct height.

278.   On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

279.   Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**I.    File no. 16-2604 – Complainant: Danny Green, opposing party**

280.   Paragraphs 3 through 44 are incorporated herein.

281.   Complainant Green ("Green") is a property manager for commercial property.    Respondent    sued    members    of    associations    individually    when Respondent should have filed suit against the property management.

282.    In June 2016, members from Green's association began to get notices of the ADA/AzDA lawsuits.

283.    Respondent filed four lawsuits against four separate members of the association: 1) HPGRP Holdings LLC; 2) Pathfinder Holdings LLC; 3) Pathfinder TRF Six LLC; and 4) Red Zebra LLC.

284.    Respondent had to amend the complaints because of erroneous information in the original complaints.

285.    By the time Respondent moved to file an amended complaint, the association had already made the necessary repairs.

<u>HPGRP Holdings LLC</u>

286.    Ms. Cairns is the owner of HPGRP Holdings LLC.  She has owned the property since 2004 and the business has operated from the same location since that time.

287.    On June 10, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces;

*Advocates for Individuals with Disabilities Foundation v. HPGRP Holdings LLC,*
CV2016-007084.

288.   Respondent falsely alleges in the complaint that:

    a.   Cairns has a history of failing to comply with the ADA/
AZDA's mandate,

    b.   the property was not accessible to individuals with disabilities,

    c.   Cairns business offers public lodging, and

    d.   the complaint was filed in the District Court of Arizona.

289.   The complaint also sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000."

290.   The parking lot is the responsibility of the association and the association installed van accessible signs within a week or two of receiving the lawsuit.

291.   On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

Red Zebra LLC

292.   Mr. Staheli is an Arizona attorney, and acted as his own attorney in the matter, although he was represented by the association's attorney, Mr. Fletcher.

293.   Mr. Staheli is the owner of Red Zebra LLC., which in turn owns suites 106 and 107.   Mr. Staheli has owned the property since 2004 and the business has operated from the same location since that time.

294.   Mr. Staheli's wife, Dr. Mahshid Asrari, operates a dental office from suite number 106, and they lease the other suite to Dr. Iris Sadowsky who operates a medical practice.

295.   On June 10, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/ AZDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation v. Red Zebra LLC,* CV2016007106.

296.   Mr. Staheli never received any notice about being non-compliant with the ADA/AzDA, prior to receiving the lawsuit.

297. Respondent falsely alleges in the complaint that:

    a.    Complainant has a history of failing to comply with the ADA/AzDA's mandate,

    b.    the property was not accessible to individuals with disabilities,

    c.    Staheli's business offers public lodging, and

    d.    the complaint was filed in the District Court of Arizona.

298. The parking lot is the responsibility of the association and the association installed van accessible signs within a week or two of receiving the lawsuit.

299. The complaint sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000."

300. The association's attorney, Mr. Fletcher, informed Respondent that he had filed the lawsuit against the incorrect party. The lawsuit against Red Zebra was subsequently dismissed.

301.   Mr. Staheli paid attorney fees in the amount of $541 to Mr. Fletcher. Mr. Staheli calculated that if he were to get paid for the work he did, his fee would be approximately $866.

302.   Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**J.      File no. 16-2667 - Complainant: Seth Fink, opposing party**

303.   Paragraphs 3 through 44 are incorporated herein.

304.   Complainant Fink's ("Fink") company, SDF Investments LLC, is private property and is not open to the public.  The property is in an industrial condo near Deer Valley airpark, and is used for storage.

305.   Fink never received any notice about being non-compliant with the ADA/AzDA prior to lawsuit being filed.

306.   August 5, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation v. SDF Investments, LLC,* CV2016-011143.

307. Fink was alerted to the filing when he received an advertising letter from an attorney telling him that he could represent Fink on the ADA/AzDA lawsuit filed against his LLC.

308. Respondent falsely alleges in the complaint that:

    a.    Fink has a history of failing to comply with the ADA/ AZDA's mandate,

    b.    the property was not accessible to individuals with disabilities, and

    c.    the property is a place of public accommodation.

309. The complaint sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000."

310. Respondent dismissed the lawsuit without prejudice on September 20, 2016.

311. Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

K.    **File no. 16-2741 - Complainant: Rene Gurrola, opposing party**

312.    Paragraphs 3 through 44 are incorporated herein.

313.    Complainant Gurrola ("Gurrola") has an office condo and the homeowners association ("HOA") owns the parking lot.    His business is a merchant service company with few clients in Arizona.

314.    Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation v. Hiltonia Family Trust,* CV2016-011100.

315.    By letter dated July 26, 2016, Respondent provided Gurrola with the verified complaint, summons, certificate of arbitration, and discovery requests.

316.    Gurrola never received any notice about being non-compliant with the ADA/AzDA, prior to receiving the lawsuit.

317.    After he received the lawsuit, Gurrola emailed Respondent and informed him that the HOA was the correct party to name in the lawsuit, since it is responsible for the parking lot.

318. Gurrola did not receive a response.

319. Gurrola conducted an internet search of Respondent and learned that Respondent was filing similar lawsuits.

320. Gurrola then hired attorney Don Fletcher, who was handling about 40 similar ADA/AzDA lawsuits.

321. Respondent falsely alleges in the complaint that:

    a.    Gurrola has a history of failing to comply with the ADA/AzDA's mandate,

    b.    the property was not accessible to individuals with disabilities, and

    c.    the property is a place of public accommodation.

322. The complaint sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000."

323. Gurrola alleges that Respondent failed to do his due diligence before filing the complaint:

Had [Respondent] inspected his work carefully, he would have noticed that he is suing a second defendant at the same address;

CV2016-011101 *Advocates for Individuals with Disabilities Foundation, Inc. vs. Jabil Properties, LLC.* It should have occurred to [Respondent] that one parking lot is not owned by two different parties and should have warranted further investigation. This raises questions as to intent of these law suits. Both law suits are consecutive filing numbers, and the addresses contain consecutive suite numbers; [Respondent] should have known he was suing two parties for the same violations in the same parking lot. Either [Respondent] was trying to collect funds from as many individuals as possible and not working in 'good faith', or his work was lacking due diligence and shoddy. Either case, [Respondent's] actions are a disservice to the public and has caused undue time, money, and energy on my behalf.

324. On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

325. Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**L.     File no. 16-2788 - Complainant: Teri Lorenzen, opposing party**

326. Paragraphs 3 through 44 are incorporated herein.

327. Complainant Lorenzen ("Lorenzen") has a condo in Mesa where she operates her engineering company Tristar Design Inc., which is not open to the public. There is a common parking area that is owned and managed by the homeowners association ("HOA").

328. On August 5, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/ AZDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation v. TSD LLC,* CV2016-011108.

329. By letter dated August 19, 2016, Respondent provided Lorenzen with the verified complaint, summons, certificate of arbitration, and discovery requests.

330. Lorenzen contacted her HOA, the AG's office, and the State Bar of Arizona. Lorenzen learned that other members of the HOA had received similar lawsuits and that the HOA would intervene.

331. Lorenzen received a call on August 23, 2016 from AID employee Shawn Conway, who told her that the lawsuit was going to be amended;

332. Lorenzen was sent a settlement package offering to dismiss the lawsuit if she paid $7,500; she did not settle.

333. On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

334. Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**M.    File no. 16-2793 - Complainant: May Hajbandeh, opposing party**

335. Paragraphs 3 through 44 are incorporated herein.

336. Complainant Hajbandeh ("Hajbandeh") and her husband's company, Henderson Industries LLC., owns a commercial building.

337. On June 10, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation v. Henderson Industries LLC,* CV2016-007083.

338. Respondent failed to investigate before filing suit because if he had it would have shown that the business was 100% in compliance with ADA/AzDA and the business does not own the parking lot, only the building.

339. Respondent falsely alleges in the complaint that:

    a.    Hajbandeh has a history of failing to comply with the
          ADA/AzDA's mandate,

    b.     the property was not accessible to individuals with disabilities,

    c.     Hajbandeh's business offers public lodging, and

    d.     the complaint was filed in the District Court of Arizona.

340.    The complaint sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000."

341.    By letter dated August 16, 2016, Respondent provided Hajbandeh with the verified complaint, summons, certificate of arbitration, and discovery requests.

342.    Hajbandeh never received any notice about being non-compliant with the ADA/ AZDA, prior to receiving the lawsuit.

343.    Hajbandeh is an Arizona attorney and she filed a response and a request that the complaint be dismissed.

344.    On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

345.    Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**N.    File no. 16-2800 - Complainant: Robert Wilder, opposing party**

346.    Paragraphs 3 through 44 are incorporated herein.

347.    Complainant Wilder ("Wilder") is the owner of Blue Ridge Holdings LLC. The limited liability company owns an office condominium and his wife, Dr. Susan Wilder, operates a medical practice from the location.

348.    Wilder has owned the property for approximately 12 years and the business is visited by approximately 50 people daily.

349.    On March 17, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities, LLC and David Ritzenthaler v.* Blue Ridge Holdings *LLC* (CV2016-092115).

350.    Respondent falsely alleges in the complaint that:

a.    Wilder has a history of failing to comply with the ADA/AzDA's mandate, and

b.    the property was not accessible to individuals with disabilities.

351.    Wilder never received any notice about being non-compliant with the ADA/AzDA, prior to receiving the lawsuit.

352.    Respondent sued three other business condos at the same location. Wilder's lawyer represented all three condo owners, and advised Respondent that they had sued the individual condo owners who were not responsible for the parking lot where the violations dealing with handicap signage and spacing occurred.

353.    The complaint sought attorneys' fees and monetary damages of "no less than $5,000."

354.    On September 26, 2016, the lawsuit was consolidated with other ADA/AzDA cases before Judge Talamante.

355.    Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**O.    File no. 16-3689 - Complainant: Art Miller, opposing party**

356.    Paragraphs 3 through 44 are incorporated herein.

357.   Complainant Miller ("Miller") is the owner of Silverado Management LLC, which owns an office condominium.  The office had been vacant for almost a year, and at the time of the lawsuit, it was for sale.

358.   June 10, 2016, Respondent filed a cut-and-paste complaint alleging that the property had improper or non-compliant ADA/AzDA parking lot signage, inadequate number of spaces, or insufficient disbursement of spaces; *Advocates for Individuals with Disabilities Foundation v. Silverado Management LLC,* CV2016-007113.

359.   The complaint sought attorneys' fees of "no less than $5,000" as well as payment of costs and expenses; and monetary damages of "no less than $5,000.

360.   Respondent falsely alleges in the complaint that:

    a.    Miller has a history of failing to comply with the ADA/AzDA's mandate,

    b.    the property was not accessible to individuals with disabilities,

    c.    Miller's business offers public lodging, and

    d.    the complainant was filed in the District Court of Arizona.

361.  By letter dated June 7, 2016, 2016, Respondent provided Miller with the verified complaint, summons, certificate of arbitration, and discovery requests.

362.  Miller contacted his attorney Alexandra Nash, and she informed him that the associations' attorney would be involved to resolve the lawsuit.

363.  The association also hired someone to visit the property for the purpose of checking for compliance with the ADA/AzDA and making corrections.

364.  The association re-striped the parking spaces, adjusted the height of the signs to the correct height, and installed van accessible signs.

365.  On August 9, 2016, Miller sold his unit.  At the time the lawsuit was filed, Miller's unit was in escrow and if the purchaser had not been a fellow Board member, it could have cost the sale of the unit.

366.  Miller paid a portion of Ms. Nash's attorney fees; around $1,200 - $1,300.

367.  On September 26, 2016, the lawsuit was consolidated with other ADA/ AZDA cases before Judge Talamante.

368.  Based upon the foregoing Respondent violated Rule 42, ERs 1.5(a), 3.1, 8.4(d), Ariz. R. Sup. Ct.

**DATED** this ___16___ day of November, 2018.

STATE BAR OF ARIZONA

Shauna R. Miller
Senior Bar Counsel

Original filed with the Disciplinary Clerk of
the Office of the Presiding Disciplinary Judge
of the Supreme Court of Arizona
this ___16th___ day of November, 2018.

by: ___Karen E. Calcagno___
SRM:kec

Page 69 of 69



**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,

**PETER STROJNIK**
       **Bar No. 006464**

       Respondent.

No. 16-0334

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-0334.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___27___ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this _30_ day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this _31st_ day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this _31st_ day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _____



**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
     **Bar No. 006464**

     Respondent.

No. 16-1309

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-1309.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this __27__ day of August, 2018.


Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Original filed this 30th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona 85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail: ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _Karen E. Culbeppa_



FILED

AUG 3 0 2018

BY

**BEFORE THE ATTORNEY DISCIPLINE**
**PROBABLE CAUSE COMMITTEE**
**OF THE SUPREME COURT OF ARIZONA**

| | |
|---|---|
| **IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,**<br><br>**PETER STROJNIK**<br>    **Bar No. 006464**<br><br>    Respondent. | No. 16-1987<br><br>**PROBABLE CAUSE ORDER** |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-1987.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this __27__ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, AZ 85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org

by: _Karen E. Calcagno_



FILED

AUG 3 0 2018

BY _____

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

| | |
|---|---|
| **IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,** | No. 16-2069 |
| | |
| **PETER STROJNIK**<br>    **Bar No. 006464** | **PROBABLE CAUSE ORDER** |
| | |
| Respondent. | |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2069.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this _27_ day of August, 2018.

_Lawrence F. W_____

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _Karen E Calagne_

FILED

AUG 3 0 2018

BY _____

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK
    Bar No. 006464**

    Respondent.

No. 16-2209

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2209.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this __27__ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Original filed this $3^{th}$ day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this _31st_ day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona 85012-2765
Respondent's Counsel


Copy emailed this _31st_ day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _Karen E. Coley_



FILED

AUG 3 0 2018

BY _____

**BEFORE THE ATTORNEY DISCIPLINE**
**PROBABLE CAUSE COMMITTEE**
**OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
    **Bar No. 006464**

    Respondent.

No. 16-2346

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2346.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___2-7___ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Original filed this 30 day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org

by: _Karen E. Cely_



**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

| | |
|---|---|
| IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA, | No. 16-2595 |
| **PETER STROJNIK**<br>    **Bar No. 006464** | **PROBABLE CAUSE ORDER** |
| Respondent. | |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2595.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___27___ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266

Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel

Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org

by: *Karen E Coley*



FILED

AUG 3 0 2018

BY _H. Lebu_

BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

PETER STROJNIK
   Bar No. 006464

   Respondent.

No. 16-2602

PROBABLE CAUSE ORDER

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2602.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this __27__ day of August, 2018.

_Lawrence F. W___
Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Original filed this 36 day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31 day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N Central Ave Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31 day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org

by: _____



FILED

AUG 3 0 2018

BY

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

| | |
|---|---|
| **IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,**<br><br>**PETER STROJNIK**<br>     **Bar No. 006464**<br><br>     Respondent. | No. 16-2604<br><br>**PROBABLE CAUSE ORDER** |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2604.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this _____ 27 _____ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30 day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _Karen E. Calyx_



FILED

AUG 3 0 2018

BY

**BEFORE THE ATTORNEY DISCIPLINE**
**PROBABLE CAUSE COMMITTEE**
**OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
**Bar No. 006464**

Respondent.

No. 16-2667

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2667.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this __27__ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 26th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N Central Ave Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _____



FILED

AUG 3 0 2018

BY _____

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
    **Bar No. 006464**

        Respondent.

No. 16-2741

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2741.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___27___ day of August, 2018.

_Lawrence F. Wyo_
Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _Karen E. Caley_



FILED

AUG 3 0 2018

BY

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

| | |
|---|---|
| **IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,** | No. 16-2788 |
| **PETER STROJNIK**<br>    **Bar No. 006464** | **PROBABLE CAUSE ORDER** |
| Respondent. | |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2788.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___27___ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org

by: _____

```
FILED
AUG 3 0 2018
BY  H. Lebra
```

BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
    **Bar No. 006464**

        Respondent.

No. 16-2793

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2793.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___27___ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 20ᵗʰ day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24ᵗʰ Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31ˢᵗ day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona 85012-2765
Respondent's Counsel


Copy emailed this 31ˢᵗ day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail: ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24ᵗʰ St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: Karen E. Clize

FILED

AUG 3 0 2018

BY _____

**BEFORE THE ATTORNEY DISCIPLINE**
**PROBABLE CAUSE COMMITTEE**
**OF THE SUPREME COURT OF ARIZONA**

| | |
|---|---|
| IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA, | No. 16-2800 |
| **PETER STROJNIK** **Bar No. 006464** | **PROBABLE CAUSE ORDER** |
| Respondent. | |

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2800.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ⟨27⟩ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Page 1 of 2

Original filed this 30 day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


by: _____

**FILED**

OCT 1 2 2018

BY _H. Leba_

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
**Bar No. 006464**

Respondent.

No. 16-2919

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on October 12, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-0-4[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-2919.

**IT IS THEREFORE ORDERED** pursuant to Rule 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this __12__ day of October, 2018

_Lawrence F. Winthrop_
Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause
Committee of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Ben Harrison, Charles Muchmore and Walt Davis did not participate in this matter.

1

Original filed this 12ᵗʰ day
of October, 2018, with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 15ᵗʰ day
of October, 2018, to:

Peter Strojnik
2375 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016-3493
Respondent


Copy mailed this 15ᵗʰ day
of October, 2018, to:

Attorney Discipline Probable Cause Committee
Of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail: ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


By: _Karen S. Celessa_



FILED

AUG 3 0 2018

BY _____

BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
    **Bar No. 006464**

    Respondent.

No. 16-3689

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on August 10, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-1-3[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 16-3689.

**IT IS THEREFORE ORDERED** pursuant to Rules 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar Counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___27___ day of August, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Charles Muchmore and Brent Vermeer did not participate in this matter.

Original filed this 36th day
of August, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 31st day
of August, 2018, to:

Geoffrey M T Sturr
Josh Bendor
Osborn Maledon PA
2929 N. Central Ave., Ste 2100
Phoenix, Arizona  85012-2765
Respondent's Counsel


Copy emailed this 31st day
of August, 2018, to:

Attorney Discipline Probable Cause Committee
of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail:  ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org

by:

FILED

OCT 1 2 2018

BY _Ↄ̷. Lofa_

**BEFORE THE ATTORNEY DISCIPLINE
PROBABLE CAUSE COMMITTEE
OF THE SUPREME COURT OF ARIZONA**

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
    **Bar No. 006464**

      Respondent.

No. 17-3925

**PROBABLE CAUSE ORDER**

      The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on October 12, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

      By a vote of 5-0-4[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 17-3925.

      **IT IS THEREFORE ORDERED** pursuant to Rule 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar counsel to prepare and file a complaint with the Disciplinary Clerk.

      Parties may not file motions for reconsideration of this Order.

      **DATED** this ___12___ day of October, 2018.


                    _Lawrence F. W_

                    Judge Lawrence F. Winthrop, Chair
                    Attorney Discipline Probable Cause
                    Committee of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Ben Harrison, Charles Muchmore and Walt Davis did not participate in this matter.

1

Original filed this 12th day
of October, 2018, with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 15th day
of October, 2018, to:

Peter Strojnik
2375 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016-3493
Respondent


Copy mailed this 15th day
of October, 2018, to:

Attorney Discipline Probable Cause Committee
Of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail: ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


By: _____

**BEFORE THE ATTORNEY DISCIPLINE**
**PROBABLE CAUSE COMMITTEE**
**OF THE SUPREME COURT OF ARIZONA**

FILED

OCT 1 2 2018

BY

IN THE MATTER OF A SUSPENDED
MEMBER OF THE STATE BAR OF
ARIZONA,

**PETER STROJNIK**
**Bar No. 006464**

Respondent.

No. 18-1751

**PROBABLE CAUSE ORDER**

The Attorney Discipline Probable Cause Committee of the Supreme Court of Arizona ("Committee") reviewed this matter on October 12, 2018, pursuant to Rules 50 and 55, Ariz. R. Sup. Ct., for consideration of the State Bar's Report of Investigation and Recommendation.

By a vote of 5-0-4[1], the Committee finds probable cause exists to file a complaint against Respondent in File No. 18-1751.

**IT IS THEREFORE ORDERED** pursuant to Rule 55(c) and 58(a), Ariz. R. Sup. Ct., authorizing the State Bar counsel to prepare and file a complaint with the Disciplinary Clerk.

Parties may not file motions for reconsideration of this Order.

**DATED** this ___12___ day of October, 2018.

Judge Lawrence F. Winthrop, Chair
Attorney Discipline Probable Cause
Committee of the Supreme Court of Arizona

---

[1] Committee members Jeffrey Pollitt, Ben Harrison, Charles Muchmore and Walt Davis did not participate in this matter.

1

Original filed this 12th day
of October, 2018 with:

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266


Copy mailed this 15th day
of October, 2018, to:

Peter Strojnik
2375 E. Camelback Rd., Ste 600
Phoenix, Arizona 85016-3493
Respondent


Copy mailed this 15th day
of October, 2018, to:

Attorney Discipline Probable Cause Committee
Of the Supreme Court of Arizona
1501 West Washington Street, Suite 104
Phoenix, Arizona 85007
E-mail: ProbableCauseComm@courts.az.gov

Lawyer Regulation Records Manager
State Bar of Arizona
4201 N. 24th St., Suite 100
Phoenix, Arizona 85016-6266
E-mail: LRO@staff.azbar.org


By: Karen E. Colegen

2