# EXHIBIT 5

1 | Peter Strojnik
2 | 2375 East Camelback Road Suite 600
   | Phoenix, Arizona 85016
3 | Telephone: (602) 524-6602
   | ps@strojnik.com
4 | Twitter: @strojnikpeter

OFFICE OF THE
PRESIDING DISCIPLINARY JUDGE
SUPREME COURT OF ARIZONA

APR 0 8 2019

FILED

BY _____



## BEFORE THE PRESIDING DISCIPLINARY JUDGE

| | |
|---|---|
| IN THE MATTER OF A **NON**-MEMBER OF THE STATE BAR OF ARIZONA<br><br>**PETER STROJNIK**<br><br>**Non**-Member | PDJ-2018-9015<br>No: 18-0615<br>**STROJNIK'S RESPONSE TO SB'S MOTION TO STRIKE MOTION TO RECOGNIZE STROJNIK'S EXPRESSIVE DISSOCIATION FROM THE ARIZONA STATE BAR** |

### SI TACUISSES, PHILOSOPHUS MANSISSES

The Bar[1] brings a 12(f) motion to strike Strojnik's 1st Amendment Motion for the reason that the "motion is redundant, immaterial, and impertinent". Bar's Motion is not well taken.

**First**, a Rule 12(f) applies to *pleadings* and not *motions*. See Rule 12(f) ("the court may strike from a *pleading* ... any redundant, immaterial, impertinent, or scandalous matter". *See* Rule 7 for what a *pleading* is[2]. A *motion* is not a *pleading*.

---

[1] All references to the Bar are to the agency, not the membership.

**Second,** the Bar argues that "Strojnik has the ability to consent to disbarment" is outright offensive. Strojnik will not allow the Bar to perpetrate its own segregationist agenda *and* disparage and defame Strojnik to boot.

**Third,** the Bar just does not seem to get it that its stated purpose of "self-regulation" must yield to the larger body of federal law and, indeed, the 1st Amendment. In its efforts at "self-regulation", the Bar would be better served if it actually reviewed Strojnik's Motion and *learn* something from it. The Bar would benefit if it actually reviewed the question of federal pre-emption[3] instead of complaining that a civil rights lawyer is "wreaking havoc" on ADA non-compliant public accommodations[4].

---

[2]
> Only these pleadings are allowed: a complaint; an answer to a complaint; a counterclaim; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and, if the court orders one, a reply to an answer.

[3] Strojnik suggest that the Bar review the excellent discussion of federal pre-emption by the California Supreme Court in *Quesada v. Herb Thyme Farms, Inc.* 62 Cal. 4th 298; 361 P.3d 868; 195 Cal. Rptr. 3d 505; 2015 Cal. LEXIS 9481 (Cal. S. Ct 2015)

[4] It has become quite fashionable for ADA offenders to play the victim card. But let us recall Judge Holland's memorable rebuke of defense counsel in *Brooke v. Airport Hotel, LLC* 2:15-cv-1149-HRH (D. Ariz., 2015) where, in soundly denying a motion to dismiss, he noted:

> By way of introduction to its motion to dismiss, defendant points out that plaintiff has filed multiple, "generic" lawsuits. Defendant alleges that plaintiff is "targeting" "mom-and-pop" businesses that cannot afford to defend claims such as that brought here.

> Plaintiff is the potential victim here, not the defendant. The fact that plaintiff has filed multiple suits … is not relevant to the instant motion. "For the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007).

**Fourth,** the Bar claims that Strojnik's "disparagement of the State Bar serves to undermine the profession's efforts at self-regulation, damaging both its credibility and reputation." The Bar simply does not get that Strojnik's Motion is based on his divergent *belief* and *opinion*. (The term "opinion" is mentioned 7 times in the Motion). On the one hand, the Bar's expressly stated belief is that filing civil rights actions constitutes "wreak[ing] havoc" on non-compliant public accommodations. On the other, Strojnik believes in the "Nation's proper goals regarding individuals with disabilities in our society, and the severely disadvantaged socially, vocationally, economically, and educationally." *See* 42 U.S.C. 12101(a) (6)[5]). Let the Bar be on notice that it will have significant opportunity to repair its tarnished segregationist reputation when, ultimately, we go to the 9th Circuit Court of Appeals.

**Fifth,** Paragraphs A-D in Bar's Motion simply demonstrate, to its shame, that it never even read Strojnik's Motion (or read it but failed to understand it).

**Sixth,** on pages 3 – 5 of Bar's Motion, the Bar complains that Strojnik's Motion is redundant, citing to the record. The Bar makes the following misrepresentations of fact:

### 1. First Misrepresentation

> 1.   "[C]ontinued association with [the State bar] 'is inconsistent with [his] core principles of morality and fair play.'"   [Respondent's motion 1:21 – 22]   To the extent this is a viable defense, he has already pled it. [Respondent's answer at 1]

"Respondent's Answer at 1" actually states:

> 1. Peter Strojnik is not a member of the State Bar of Arizona having resigned his membership on October 24, 2018 for reasons stated in the attached resignation letter. Exhibit A.

### 2. Second Misrepresentation

---

[5] In fact, the profession's self-regulators are well advised to read the entire 42 U.S. Code § 12101 - *Findings and Purpose*.

3

2. "It is likewise undisputed that Strojnik's activity as a civil rights attorney is federally protected against retaliation, interference, coercion or intimidation...." [Respondent's motion 3:4 – 6]  To the extent this is a viable defense, he has already pled it.  [Respondent's answer at 3]

"Respondent's Answer at 3" actually states:

3. Non-member alleges that he has at all times relevant hereto engaged in federally protected activity.

## 3. Third Misrepresentation

3. "[T]he State Bar is actually a segregationist organization whose purpose is to thwart all ADA civil rights enforcement action in the State of Arizona." [Respondent's motion 2:4 – 6]  To the extent this is a viable defense, he has already pled it. [Respondent's answer at 4]

"Respondent's Answer at 4" actually states:

4. Non-member alleges that this entire proceeding is based on State Bar's ruinous policy of protecting ADA violators at the expense of the federally protected rights of the disabled.

## 4. Fourth Misrepresentation

5. "[] AG Brnovich became highly agitated and teamed up with the State Bar to frustrate all civil rights of the Arizona Disability Community." [Respondent's motion 3:2 – 3]  To the extent this is a viable defense, he has already pled it.  [Respondent's answer at 6]

"Respondent's Answer at 6" actually states:

6. Non-member alleges that this proceeding is a retributory coercion against a civil rights attorney in violation of Article IV of the ADA, see 42 USC 12203 and 28 CFR § 36.206.

**Seventh**, if the Bar does not wish Strojnik (and the rest of the membership) to hold the opinion that the Bar is a segregationist, retaliatory, interfering, coercing, intimidating, incompetent and unethical outfit, then the Bar should stop being segregationist, retaliatory, interfering, coercing, intimidating, incompetent and unethical.

## CONCLUSION AND PRAYER FOR RELIEF

Bar's Motion fully explains Bar's ostentatious arrogance and ignorance of the Rules of Civil Procedure, the US Constitution, the ADA anti-discrimination statutes, federal pre-emption and its own ethical rules including ER 1.1, 3.1, 3.2, 3.4 and 8.4. I said before, if the Bar demands ethics, it must do ethics.

Strojnik is aware that the display of Bar's inanity is possible only because it is tolerated. The Bar knows, and Strojnik is not sufficiently naïve to disbelieve, that Bar's primary function is the protection of its own superficial omnipotence and infallibility. It finally makes sense that the Bar sees civil rights litigation as "wreaking havoc" and the discovery rules to apply only to "aid in the prosecution" and that Strojnik's 1st Amendment Motion is "immaterial and redundant". This adds yet another layer for Strojnik's urgent need for dissociation from this constitutionally and legally bungling agency.

Clean your house, Bar. A Copy of the bar charge against Ms. Miller is appended as Addendum A.

DATED this 1st day of April 2019.

PETER STROJNIK

Non-member

Original mailed 1st day of April, 2019 to:

Amanda McQueen
Disciplinary Clerk
Office of the Presiding Disciplinary Judge
1501 W. Washington, Suite 102
Phoenix, Arizona 85007

5

1

2

e-mailed to:

Shauna R. Miller
3    Senior Bar Counsel
*State Bar of Arizona*
4    4201 N. 24th Street, Suite 100
5    Phoenix, AZ 85016-6288
Email: lro@staff.azbar.org
6

/s/ PS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# ADDENDUM A

| | **PETER STROJNIK** | 7847 N. CENTRAL AVE.<br>PHOENIX, ARIZONA 85016<br>TELEPHONE: 602-524-6602<br>E-MAIL PS@STROJNIK.COM |
|---|---|---|

April 1, 2019

Maret Vessella
Chief Bar Counsel
*State Bar of Arizona*
4201 N. 24th Street, Suite 100
Phoenix, Arizona 85016-6288

    Re: *Bar Charge against Shauna Miller and Request for Appointment of Independent Counsel*

Dear Ms. Vessella:

You have been undoubtedly aware of the current dispute between me and the State Bar. In a recent Motion to Strike filed by Shauna Miller she made numerous misrepresentations of fact that require independent investigation. Relevant Motions to Strike and my Response are in the PDJ-2018-9015 No: 18-0615 file.

During the discovery process, Ms. Miller also disclosed e-mails that confirm her close cooperation with the Arizona Attorney General's office in this rather obvious matter of retribution and coercion. While I have previously resigned from the Bar under the 1st Amendment right of expressive dissociation, ("my continuing association with the State Bar is inconsistent with my core principles of morality and fair play"), my suspicions that Ms. Miller has been working closely with the AG were confirmed by Ms. Miller's admissions in the disclosure. This is illegal and unethical.

These matters require the same level of investigative process as those applied to other members of the Bar.

I request investigation of the following:

1.  The scope and extent of collusion by and between Ms. Miller, the State Bar and the Attorney General's personnel; and

2.  Ms. Miller's violation of 42 USC 12203 and 28 CFR § 36.206; and

7

3.  Ms. Miller's competency to prosecute complex public policy issues; and

4.  Ms. Miller's misstatements to the Court; and

5.  All other matters arising from any of the above.

Since the subject of the investigation is a senior bar counsel, it is important that this investigation be conducted by an independent jurist in order to avoid even the appearance of impropriety and coverup. It is likewise important that this bar charge be treated equally as any other bar charge initiated by the public.

Please document all communications by and between you or anyone else at the Bar. Do not spoliate any potentially relevant information. I request to be kept informed of all actions taken by the Bar with respect to this matter. I am available to discuss this matter further at your convenience.

Sincerely,

Peter Strojnik