# EXHIBIT 6

**BEFORE THE PRESIDING DISCIPLINARY JUDGE**

| | |
|---|---|
| IN THE MATTER OF A SUSPENDED MEMBER OF THE STATE BAR OF ARIZONA,<br><br>**PETER STROJNIK,**<br> Bar No. 006464<br><br> Respondent. | PDJ-2018-9105<br><br>ORDER RE: MOTION TO RECOGNIZE EXPRESSIVE DISSOCIATION<br><br>[State Bar Nos. 16-0334, *et al*.]<br><br>**FILED APRIL 26, 2019** |

On March 20, 2019, Mr. Strojnik moved to recognize his expressive dissociation from the Arizona State Bar. The State Bar timely moved to strike the motion. Mr. Strojnik timely replied to the motion to strike.

<u>Motion to Recognize Strojnik's Expressive Disassociation</u>

Mr. Strojnik states that on October 24, 2018, he "expressively dissociated himself from the State Bar . . . . " The stated foundation for the motion is two-fold.

a.)  *Mr. Strojnik claims a First Amendment right to dissociate from the State Bar.*

A fact is something made or done. It has clear objective status. The stated foundational basis for Mr. Strojnik's motion is that the PDJ should "recognize" his expressive disassociation is his opinion. Mr. Strojnik projects that his opinion is unassailable. The support for that opinion is his own "op-ed piece [published] in the Arizona Republic." He argues that the op-ed "is also protected by the 1st

1

Amendment." Strojnik's Mot. 2–3:1.] It appears that the citation to this is to add stature to the argument. It does not. Op-ed is the abbreviation for opposite the editorial. It denotes that the document is not written by anyone affiliated with the publication's editorial board. That it is published is not support for either the veracity of the opinion or its underlying claims.

Arizona Rule of Civil Procedure 11 applies to this proceeding. *See* Ariz. R. Sup. Ct. 48(b). Mr. Strojnik certifies that to the best of his knowledge, information, and belief—formed after reasonable inquiry—that the Arizona Attorney General "teamed up with the State Bar to frustrate all civil rights of the Arizona Disability Community" because of Mr. Strojnik's op-ed. Strojnik's Mot. 3:1–3. The motion claims veracity because his opinion is supported by his opinion.

Under the belief that his opinion is unassailable, he argues, "The right to eschew association for expressive purposes is likewise protected." Because the State bar prosecuted Mr. Strojnik for alleged violations of the Arizona Rules of Professional Conduct while Mr. Strojnik filed ADA civil rights actions, Mr. Strojnik argues that remaining a member of the State Bar would "force[] [him] to confess to [the] State Bar's faith in discrimination, coercion, threats and intimidation."

Mr. Strojnik argues that the U.S. Supreme Court opinion in *Boy Scouts of America v. Dale*, 530 U.S. 640 (2000), supports his position that the prosecution for his alleged violation of ethical rules is prohibited. Apparently, "implicit in the right

to engage in activities" is the right to be free from disciplinary complaints. *Id.* at 647 (internal quotation marks omitted). Mr. Strojnik firmly asserts that he cannot "allow himself to be linked to any such group" that would prosecute him for his alleged violation of ethical rules.

He concludes that his argument is viable because there is a means of achieving the state's interest in prosecuting and disbarring attorneys for violations of the ethical rules that would be less restrictive of Mr. Strojnik's associational freedoms, namely allowing Mr. Strojnik to dissociate from the State Bar. In other words, he claims he need not endure prosecution for his alleged ethical violations because he seeks to dissociate from the State Bar."

> *b) Prosecution of Mr. Strojnik for his alleged violation of the Rules of Professional Conduct amounts to "retaliation, interference, coercion or intimidation" under 42 U.S.C. § 12203 and 28 C.F.R. § 36.206.*

Mr. Strojnik failed to support this argument with any legal analysis or citation to authority. As a result, little analysis of this argument is provided here. Mr. Strojnik cited 42 U.S.C. § 12203(b), which states:

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Additionally, he cited 28 C.F.R. § 36.206(b), which states:

3

> No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.

### The State Bar's Motion to Strike Mr. Strojnik's Motion to Recognize His Expressive Dissociation and Mr. Strojnik's Response

Citing Arizona Rule of Civil Procedure 12(f), the State Bar argues that Mr. Strojnik's motion is redundant, immaterial, or scandalous. In his response, Mr. Strojnik asserts Rule 12(f) is limited to "pleadings" and argues with ad hominem.

*Limitation of Rule 12(f)*. Mr. Strojnik argues there can be no motion to strike considered because Rule 12(f) expressly limits such motions to "pleadings." Clearly, the court may strike an insufficient defense from a pleading on its own. It may also do so upon motion. Similarly, the court may strike any redundant, immaterial, impertinent, or scandalous matter.

The limitation on the last of the powers enumerated above is not stated in Rule 12(f). Rather, it is stated in Arizona Rule of Civil Procedure 7.1(f). Rule 7.1(f) states a motion to strike "may be filed only if it is expressly authorized by statute or other rule . . . ." The preclusive effect of Rule 7.1(f) does not apply in discipline proceedings because that Rule has not been made applicable by Arizona Rule of Supreme Court 48(b). *See Sitton v. Deutsche Bank Nat'l Tr. Co.*, 233 Ariz. 215, 220 ¶ 22 n.5 (App. 2013) (clarifying the preclusive effect of Rule 7.1(f)).

4

Although the motion to strike is not precluded, the PDJ believes that the better course is to follow the logic stated in *Sitton*:

> Such motions to strike are unnecessary. *Engel v. Landman*, 221 Ariz. 504, 509, ¶ 15 n. 2, 212 P.3d 842, 847 n. 2 (App.2009). Objections to a movant's filings are properly made in the response to the motion, and a separate motion is neither required nor authorized by any rule. Absent extraordinary circumstances or those expressly contemplated in Rule 12(f), motions to strike usually waste the time of the court and the resources of the parties. An objection is all that is necessary to alert the court to the need to disregard legally infirm evidence, and such evidence should be disregarded—not stricken from the record. Effective January 1, 2014, motions such as those filed here will be expressly prohibited by Ariz. R. Civ. P. 7.1(f).

233 Ariz. at 220 ¶ 22 n.5.

*Ad hominem*. Mr. Strojnik argues the State Bar "just does not seem to get it" and that it is not permitted to prosecute him for alleged ethical violations because it must "yield to the larger body of federal law . . . ." Thereafter, he personally attacked Bar Counsel, stating she would be "better served" if she "*learn*[ed] something" from Strojnik's Motion. There is no purpose for such a comment except to demean. It darkened and detracted from his argument.

Mr. Strojnik continued his ad hominem by arguing that Bar Counsel "would benefit if [she] actually reviewed the question of federal pre-emption . . . ." To support that statement Mr. Strojnik cited to *Quesada v. Herb Thyme Farms, Inc.*, 361 P.3d 868 (Cal. 2015). As a result, one might think that case supports the proposition that federal law pre-empts the State Bar from prosecuting Mr. Strojnik

5

for alleged ethical violations. A review of that case, however, reveals no such support:

> Historically, the United States Supreme Court and this court have conducted the search for congressional intent through the lens of a presumption against preemption. The presumption is founded on "respect for the States as 'independent sovereigns in our federal system'"; that respect requires courts "to assume that 'Congress does not cavalierly pre-empt state-law causes of action.'" The strength of the presumption is heightened in areas where the subject matter has been the longstanding subject of state regulation in the first instance; where federal law touches "a field that '"has been traditionally occupied by the States,"'" the party seeking to show preemption "bear[s] the considerable burden of overcoming 'the starting presumption that Congress does not intend to supplant state law.'" A rebuttal of the presumption requires a demonstration that preemption was the "'"clear and manifest purpose of Congress."'"

*Quesada*, 361 P.3d at 877–78 (internal quotation marks omitted) (alteration in original) (citations omitted).

Mr. Strojnik cited to no authority for his apparent argument that federal law pre-empts the State Bar from prosecuting an Arizona licensed lawyer for alleged violations of the Arizona Rules of Professional Conduct.

The ad hominem continued in a footnote to the incoherent proposition that Bar Counsel shouldn't have complained that Mr. Strojnik's methods were violating ethical rules and thereby "wreaking havoc." In the footnote, Mr. Strojnik stated, "It has become fashionable for ADA offenders to play the victim card," including among such offenders Bar Counsel. To support that assertion, Mr. Strojnik cited an

6

unreported decision in which a court denied a motion to dismiss in, according to Mr. Strojnik, "memorable" fashion. *Brooke v. Airport Hotel, LLC*, No. 2:15-CV-1149-HRH, 2015 WL 5444286 (D. Ariz. Sept. 16, 2015).

Mr. Strojnik attempts to support these arguments by stating that "[t]he Bar simply does not get that [his] Motion is based on his divergent *belief* and *opinion*."

Analysis and Ruling

Mr. Strojnik requests the PDJ to recognize his expressive dissociation from the State Bar of Arizona. His purpose in that was clarified in his request and response. He claims there is no viable purpose to his prosecution because he is willing to dissociate from the State Bar.

The conduct of lawyers admitted to practice in Arizona is governed by the Arizona Rules of Professional Conduct as set forth in Arizona Rule of Supreme Court 42. Under article 3 of the Arizona Constitution, "the practice of law is a matter exclusively within the authority of the Judiciary." *In re Creasy*, 198 Ariz. 539 (2000) (internal quotation marks omitted). The Supreme Court of Arizona has exclusive authority over the regulation and discipline of attorneys at law. Any lawyer admitted to practice in Arizona is subject to the disciplinary jurisdiction of the Arizona Supreme Court. Ariz. R. Sup. Ct. 46(a).

The *Preamble* to the Arizona Rules of Professional Conduct states in part:

> Compliance with the Rules, as with all law in an open society, depends primarily upon understanding and

> voluntary compliance, secondarily upon reinforcement by peer and public opinion and finally, when necessary, upon enforcement through disciplinary proceedings. The Rules do not, however, exhaust the moral and ethical considerations that should inform a lawyer, for no worthwhile human activity can be completely defined by legal rules. The Rules simply provide a framework for the ethical practice of law.

Ariz. R. Sup. Ct. 42 pmbl.

The State Bar of Arizona is an organization established by what is now Arizona Rule of Supreme Court 32(a)(1). The Supreme Court of Arizona has ultimate and plenary authority over the discipline of lawyers. The discipline process, however, involves several other persons or entities whose functions are prescribed in the Arizona Rules of Supreme Court. This includes bar counsel as defined in Rule 46(f)(2), and empowered under Rule 49, among other rules. Rule 49 and Rule 55 require bar counsel to review and evaluate allegations of unprofessional conduct, or misconduct, and proceed accordingly.

Mr. Strojnik is subject to the disciplinary jurisdiction of the Supreme Court. Mr. Strojnik argues he cannot be prosecuted for his alleged violations of those Rules because he was engaged in a specialized area of federal law. There is no support for that position.

Mr. Strojnik requests the PDJ to "recognize" his expressive dissociation from the State Bar of Arizona. There is no such term in the Arizona Rules of Supreme Court. When one is in disagreement with the Constitution and the Supreme Court

Rules, the solution is not to ignore them. The PDJ recognizes no expressive dissociation. Any member may submit a resignation from membership. However, a resignation from a member who has a disciplinary charge or complaint pending against that member cannot be accepted. Ariz. R. Sup. Ct. 32(c)(11)(B).

Had Mr. Strojnik resigned prior to the State Bar's receipt of a disciplinary charge against him, such resignation would not have barred the institution from subsequently moving forward with discipline proceedings for acts occurring prior to his resignation. If that member were disbarred, suspended, or reprimanded, the resigned person's status would be changed from resigned in good standing to that of a person so disciplined. Ariz. R. Sup. Ct. 32(11)(B).

**IT IS ORDERED** denying the request.

**IT IS FURTHER ORDERED** disregarding the evidence submitted by Mr. Strojnik as legally infirm rather than granting the motion to strike.

**DATED** this 25th day of April 2019.

*William J. O'Neil*
**William J. O'Neil, Presiding Disciplinary Judge**

COPY of the foregoing e-mailed/mailed
on this 26th day of April 2019, to:

Counsel for State Bar
Shauna R. Miller
4201 N. 24th Street, Suite 100
Phoenix, AZ  85016-6266
Email:  lro@staff.azbar.org

<u>Respondent</u>
Peter Strojnik
Strojnik PC
2375 E. Camelback Rd., Ste 600
Phoenix, AZ 85016-3493
Email: ps@strojnik.com

by:  <u>MSmith</u>