Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

PETER STROJNIK, (Sr.)

Plaintiff,

vs.

STATE BAR OF ARIZONA, an Arizona nonprofit corporation, SHAUNA MILLER and JOHN DOE MILLER, husband and wife; MARET VESSELLA and JOHN DOE VESSELLA, Husband and Wife; YET UNKNOWN ENTITIES AND PERSONS WHO PARTICIPATED IN THE ALLEGED CONSPIRACY

Defendant.

Case No: 2:19-cv-02704-DJH

**PLAINTIFF'S OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE [Doc 42]**

Under Federal Rule of Evidence 201(a), the Court may take judicial notice of "adjudicative facts". Rule 201(a) must be read in conjunction with Rule 402 which provides that "[i]rrelevant evidence is not admissible" and Rule 401 which defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence".

201(b) further provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial

jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."). Nor may a court take judicial notice of any matter that is in dispute. *Lee*, 250 F.3d at 689-90; *see also Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding judicial notice inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

While the Court may take judicial notice of court filings, it cannot take judicial notice of the truth of any statements made in them. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts." (internal citation omitted)). The Court does so solely for its existence and content, not the truth of any statements therein. *See Rieckborn v. Jefferies LLC*, 81 F.Supp.3d 902, 913 (N.D. Cal. 2015).

Therefore, Plaintiff objects to the Court taking judicial notice of the truth of any statements made in items 2 (Complaint against Peter Strojnik in PDJ 2018-9105) and 4 (The State Bar of Arizona's Motion to Strike in PDJ 2018-9105)

DATED this 19th day of August 2019.

**PETER STROJNIK**

_____
Peter Strojnik
Plaintiff

Distributed through PACER.