**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER STROJNIK, Sr., | No. 20-15671 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02704-DJH |
| v. | |
| STATE BAR OF ARIZONA, an Arizona nonprofit corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Peter Strojnik, Sr. appeals pro se from the district court's judgment dismissing his action alleging civil rights violations as well as claims under state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 928 (9th Cir. 2017) (dismissal under

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eleventh Amendment immunity); *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (dismissal under quasi-judicial immunity). We affirm.

The district court properly dismissed Strojnik's claims against the State Bar of Arizona and individual defendants Miller and Vessella because those claims are barred by the Eleventh Amendment and quasi-judicial immunity, respectively. *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (a state bar association is entitled to Eleventh Amendment immunity and state bar prosecutors are entitled to quasi-judicial immunity); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("[T]hose performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

We reject as meritless Strojnik's contention that defendants were acting in their private capacities.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**